235 F.2d 518
 98 U.S.App.D.C. 291
 Martin WAGNER, Appellant,
v.
Harvey V. HIGLEY, individually and as Administrator of
Veterans Affairs, and Philip Young, Frederick Lawton and
George M. Moore, individually and as Commissioners of the
United States Civil Service Commission, Appellees.
 No. 12910.
 United States Court of Appeals District of Columbia Circuit.
 Argued Feb. 17, 1956.
Decided May 17, 1956.
 
 Mr. Murray Gordon, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. O. John Rogge, New York City, was on the brief, for appellant. Mr. Josiah Lyman, Washington, D.C., also entered an appearance for appellant.
 Mr. Lester S. Jayson, Attorney, Department of Justice, with whom Mr. Leo A. Rover, U.S. Atty., at the time the record was filed, and Mr. Paul A. Sweeney, Attorney, Department of Justice, were on the brief, for appellees.
 Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit judges.
 PRETTYMAN, Circuit Judge.
 
 
 1
 Appellant Wagner was a veteran's preference eligible employed in the New York Regional Office of the Veterans Administration as one of four Supervisory [98 U.S.App.D.C. 292] Claims Examiners. This position was classified in Grade GS-8, and Wagner's duty was to supervise the work of nine Claims Examiners. As a result of the reorganization discussed by this court in Cutting v. Higley,[1] the position of Claims Examiner was abolished by the Veterans Administration, and part of its functions and certain additional functions were assigned to the new post of Educational Benefits Specialist. As part of these changes the position of Supervisory Claims Examiner was also abolished and a new position created in Grade GS-9 to provide for supervision over the work of the Educational Benefits Specialists. Only three supervisors were called for in the new organization. Consequently, after selections had been made for the position of Educational Benefits Specialist, a panel was convened to select persons qualified to fill the new supervisory positions. Of the four Supervisory Claims Examiners only Wagner was not chosen for the new job. He was offered instead a position as Educational Benefits Specialist in Grade GS-8.
 
 
 2
 Wagner says that selection of the new supervisors was part of a reduction in force and that under the applicable statute and regulations he was entitled to a preference based on retention credits. His contention does not differ materially from that made in Cutting v. Higley, and we think the Cutting case must control here. The argument that the new positions were in fact interchangeable with the old positions was advanced at length in the administrative proceedings and there rejected. The District Court accepted the administrative view. Our review of questions of this kind is necessarily limited, and we find in the record no basis for disturbing the determination made by the agency and the trial court.
 
 
 3
 Wagner also contends that one of the officers on the selection panel had a direct personal interest in seeing that appellant was not chosen for the new supervisory position. This officer, named Klimas, was assistant chief of the section to which Wagner was attached and, as such, was a superior officer to the four supervisors. He had retreat rights to the Supervisory Claims Examiner position. Wagner argues it was to Klimas's advantage that at least one of the new supervisory positions be occupied by someone with fewer retention credits than his own. However there is nothing in the record to show that Klimas was actually partial, that he was about to exercise his retreat rights, or that any reorganization plan then in effect or proposed would prompt him to exercise those rights. Klimas may have had a theoretical interest in the matter, but similar interests on the part of superiors with retreat rights to subordinate positions seems implicit in reduction in force regulations. We think it reasonable to conclude that Klimas did not have a 'direct personal interest' adverse to appellant.
 
 
 4
 The order of the District Court granting the defendants' motion for summary judgment will be
 
 
 5
 Affirmed.
 
 
 
 [1]
 98 U.S.App.D.C. , 235 F.2d 515 (1956)