**DEVINY, Public Printer, et al. v. CAMPBELL.**

**No. 11036.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 12, 1951.

Decided Jan. 24, 1952.

---

E. Leo Backus, Atty., Department of Justice, Washington, D. C., with whom Edward H. Hickey, Sp. Asst. to the Atty. Gen., and Joseph Kovner, Atty, Department of Justice, Washington, D. C., were on the brief, for appellants.

Warren E. Miller, Washington, D. C., for appellee.

John C. Williamson, Washington, D. C., filed a brief on behalf of the Veterans of Foreign Wars of the United States as amicus curiae, urging affirmance.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellee Campbell was discharged from a position as a Civil Service employee at the Government Printing Office. He brought an action in the District Court against the Public Printer and the members of the Civil Service Commission to require them to restore him to his employment. After trial that court gave judgment in his favor. Defendant officials appeal.

In his complaint Campbell said that ten charges of misconduct had been preferred against him by the Public Printer and were subsequently sustained by that official; that upon appeal the Civil Service Commissioners sustained the Printer. He said that the discharge was in violation of the Veterans' Preference Act, because the reasons given prior to the discharge were not specific and in detail; that the proceedings before the Commissioners were defective, because unsworn testimony was received; that the regulations governing the appeal procedure before the Commissioners were defective and inadequate, because they failed to provide a method of requiring the presence of witnesses or an opportunity for cross examination; and that the Commissioners gave full credence to hearsay, immaterial and irrelevant evidence.

■ Respecting the specificity of the charges, Campbell's counsel, in his presence, at the hearing before the Civil Service Commissioners, stated that Charge No. 4 "is sufficient to comply with the Act"; that Charge No. 5 "is sufficient insofar as it specifically refers to Exhibit 9"; and that "We think that charges eight, nine and ten are procedurally sufficient." Campbell now asserts the invalidity of all the charges, but he cannot take one position on a point of this sort before the administrative body and the opposite position before the court upon appeal. We think that Charges 1, 2, 3, 6 and 7 were sufficiently specific. Upon that matter we agree with the Civil Service Commission. In Charge 1 it was alleged that Campbell, on or about April 12, 1949,

distributed to other employees in the Printing Office copies of a certain printed brief, upon which he had made marginal notes in his own handwriting, which notes created disrespect for the Public Printer and discontent among those employees. Charge 2 referred to a memorandum alleged to have been prepared by Campbell, dated August 21, 1947, and addressed to Mr. Harry E. Widmayer, "copy of which is attached hereto." Charge 3 recited a statement, given in quoted text, alleged to have been made in a letter of February 3, 1948, addressed to the Comptroller of the Printing Office. In Charge 6 Campbell was accused of removing from the Printing Office, without permission, official papers of the Office; "(For example papers referred to in letter dated August 21, 1947, from American Legion to the Public Printer.)" In Charge 7 Campbell was accused of raising objection in a disorderly manner on or about January 26, 1948, to proper work assignments, "as evidenced by your reaction to your detail from the Commercial Planning Division to the Plant Planning Division." We think the District Court's conclusion that the charges were not sufficiently specific was plainly erroneous.

■ Campbell's point is that Section 14 of the Veterans' Preference Act [1] requires that the written notice of a proposed discharge must state "any and all reasons, specifically and in detail," and that the reasons for his dismissal "are *not all* set forth 'specifically and in detail'". (Italics in text of his brief.) He says that he was discharged for ten reasons and that, therefore, each and all of the ten charges must meet the test of specification. We think, as we have indicated, that they did meet that test. He urges that some one of the charges was not specific enough, but his reasoning from that premise is fallacious. His argument is, in effect, that, since all the reasons for which he was discharged had to be stated in detail, failure of one asserted reason to meet that test invalidated the whole result. It seems to us that the statute would be absurd if it had such a meaning. We think the statute means that

1. 58 Stat. 390 (1944), as amended, 5 U.S.C.A. § 863.

all the reasons upon which a discharge ultimately rests must be specific, but it does not mean that one reason insufficiently alleged in the original notice invalidates all reasons sufficiently stated and ultimately proven.

The logical validity of this contention of Campbell is immaterial in this case, in view of the procedural validity of all the charges. But in any event the point could not be sustainable unless the particular discharge was premised upon the stated reasons collectively. That is, if the discharge was for the cumulative and collective effect of all the reasons stated, the invalidity of one of those reasons might possibly require a remand and reconsideration. But, where the discharge is premised upon the reasons severally, each one being allegedly sufficient, the invalidity of one would be immaterial to the result, so long as the valid remainder was sufficient. In the case at bar the Government officials assert the sufficiency of each of the assigned reasons, and we find no ground to doubt the correctness of that position.

Appellee makes two points concerning his treatment by the Civil Service Commissioners. He says that the procedure followed in his case was in violation of the regulations of the Commission. And he says that the regulations themselves are not in accord with the statute. By way of specification upon the first of these points, he says that the appeal proceedings in his case were defective under the regulations, in that "unsworn testimony" was received; that, although he requested the presence of two employees of the Printing Office as witnesses, they were not required to appear; that because of the absence of these witnesses "there was no adversary hearing"; and that he was thereby deprived of the right of cross examination.

The "unsworn testimony" appears to consist of a transcript of the meetings of a board, established by the Printer to make a report to him concerning the charges against Campbell, and two memoranda submitted to that board, one from the Director of Purchases to the Executive Officer and the other from the Assistant to the Planning Manager to the Executive Officer, all these officials being in the Printing Office. The regulations of the Commission [2] provide that when an appeal is filed by an employee the Commission's investigators will develop all the facts and circumstances relative to the adverse decision and * * * obtain necessary copies of the official record, charges, answer, decision and the reasons therefor, and pertinent testimony of witnesses." That seems to be a reasonable and proper procedure. In the course of that investigation the investigators gathered together all the data upon which the Public Printer had acted. If that material showed that he had acted upon unsworn statements, the Commission was entitled to, and properly should, know that fact. So far as the Commission itself was concerned, it had twenty-three affidavits before it. Appellee was furnished a proposed summarization of the relevant material, upon which summarization he noted typographical corrections and then signed and returned it. The entire file was available to him at all times. He was afforded ample opportunity to present his views and contentions orally. His contention in respect to "unsworn testimony" is without merit.

In respect to the failure to require the presence of two witnesses, the regulations are specific. They state: "The Commission does not have the power of subpoena and appellants and their designated representatives, and employing agencies, will be required to make their own arrangements for the appearance of witnesses." It is plain that the failure of the Commission to require the presence of witnesses as requested did not violate its regulations.

Appellee's other specifications of violation of the regulations relate to an adversary proceeding and lack of opportunity for cross examination. Examination of the regulations shows that they do not provide for such a proceeding. For example, they state that notification of the proposed hearing will be sent to the employee "and to the employing agency, ad-

2. 5 Code Fed.Regs. § 22 (1949 ed.).

880

vising the latter that it may participate". That provision and the one to which we referred in the last paragraph hereinabove [3] are amply sufficient to demonstrate that an adversary proceeding and the compulsory attendance of witnesses for cross examination purposes are not contemplated by the Commission's regulations.

■■■ Appellee says that the regulations themselves are in violation of the Veterans' Preference Act, in that the statute provides that the Commission shall make and enforce "appropriate rules and regulations to carry into full effect the provisions, intent, and purpose" of the Act.[4] Appellee says that the regulations are unreasonable and therefore invalid, in that they do not give a "preference eligible" the absolute right to require the attendance of witnesses and in that they provide [5] for the cross examination of witnesses but do not require the attendance of witnesses. The Veterans' Preference Act does not provide for a hearing with the features which appellee urges, and does not give the Commission power of subpoena. It provides [6] for "thirty days' advance written notice" of the proposed action, "a reasonable time for answering the same" and "for furnishing affidavits", the right to appeal to the Commission, and the right "to make a personal appearance". It provides that "after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings", etc. Nothing in this statute indicates an intention to require a hearing of the adversary type, with compulsory confrontation by witnesses, etc. We have recently examined the whole subject of the rights of Civil Service employees upon proposals for discharge.[7] We need not here repeat the extended discussion in the opinion in that case. The underlying statute relative to the matter not only fails to require such a hearing but specifically says that one shall not be required.[8] It provides that "No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay." The Administrative Procedure Act specifically excepts these proceedings from its hearing requirements.[9] It would require a clear provision to indicate an overturn of that settled policy of the Congress. The Commission cannot confer upon itself the power of subpoena in the absence of a statute requiring it to hold hearings of the type involving subpoenas.

The charges made against Campbell were amply established. Most of the proof was documentary, and in many respects his own testimony was sufficient. The consideration given him by his superiors and by the Commission was ample in its extent and nature. He was fully advised from time to time as to the charges and the evidence against him. He was afforded repeated opportunities to present whatever he had to present.

■■■ The selection and retention or discharge of employees in the executive branch of the Government is peculiarly within the powers of the executive, under congressional direction or limitation. We do not find that any statutory prescriptions or any provisions of the applicable administrative regulations were violated in this matter. The judgment of the District Court was in error and must be

Reversed.

CLARK, Circuit Judge, dissents.

3. 5 Code Fed.Regs. § 22.9(f) (1949 ed.).

4. Sec. 19 of the Act, 58 Stat. 391 (1944), as amended, 5 U.S.C.A. § 868.

5. 5 Code Fed.Regs. § 22.9(c) (1949 ed.).

6. Sec. 14, 5 U.S.C.A. § 863.

7. Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46 (1950), affirmed 1951, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352.

8. Lloyd-LaFollette Act, 37 Stat. 555 (1912), as amended, 5 U.S.C.A. § 652.

9. 60 Stat. 239 (1946), 5 U.S.C.A. § 1004.