Henry A. C. SAGGAU, Plaintiff,

v.

Philip YOUNG et al., Defendants.

Civ. A. No. 4124-55.

United States District Court
District of Columbia.

Jan. 25, 1956.

Max M. Kampelman & Arthur Lazarus, Jr., Washington, D. C., Attorney for plaintiff.

Leo A. Rover, U. S. Atty., Robert L. Toomey, Asst. U. S. Atty., Washington, D. C., for defendant.

McGARRAGHY, District Judge.

This case came on for hearing on defendant's motion for summary judgment. The material facts are as follows:

Plaintiff is the Postmaster in Ceylon, Minnesota. On October 12, 1954, he was notified by letter from a Post Office Inspector that his separation from the position of Postmaster had been proposed on the ground of inefficiency. Another letter bearing the same date listed 29 irregularities or violations of postal laws and regulations. On October 18, 1954, plaintiff replied to the letter of October 12 and listed those irregularities which had been corrected and indicated that the remaining conditions objected to would be corrected.

On November 17, 1954, plaintiff was notified by the Assistant Postmaster General that "After consideration of the evidence submitted, including your reply, it has been decided that the charge has been sustained. You will be removed as postmaster at Ceylon effective thirty days from the date of receipt of this letter, or as soon thereafter as your successor can be appointed." Actually, plaintiff was not separated but was given an administrative stay by the Post Office Department and will remain in his position as Postmaster until the outcome of this suit.

Plaintiff filed an appeal from this determination under Section 14 of the Veterans' Preference Act, 5 U.S.C.A. §§ 851 et seq., 863, to the Ninth Civil Service Region. A hearing was held on the appeal at which time plaintiff presented a witness who testified to the effect that plaintiff's removal was for political reasons. Subsequently, the Civil Service Commission investigated this charge. Thereafter, the Ninth Civil Service Region Office transmitted to plaintiff its analysis of the evidence, findings and recommendation, and affirmed the action taken by the Post Office Department. It found that plaintiff's removal "was not unreasonable, arbitrary or capricious but was for such cause as would promote the efficiency of the service within the

meaning of Section 14 of the Veterans' Preference Act of 1944, as amended."

Plaintiff subsequently appealed to the Civil Service Commission's Board of Appeals and Review, and on August 17, 1955, that Board sustained the action taken by the Post Office Department.

■ Plaintiff contends that his removal was arbitrary and capricious because the specifications, if believed, were not of such a character as to justify his removal on the grounds that it would promote the efficiency of the service, as contemplated by the Veterans' Preference Act. The answer to this contention is in Carter v. Forrestal, 85 App.D.C. 53, 54, 175 F.2d 364, 365, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507, where the court said:

"The appellees have determined that appellant's discharge will promote the efficiency of the service. This administrative action has been appealed to the final authority designated by Congress to rule upon his discharge, and is not subject to judicial review."

Also see Keyton v. Anderson, D.C. Cir., 229 F.2d 519.

Plaintiff further contends that the action of the Post Office Department and the Civil Service Commission violated his rights under the First, Fifth, Sixth and Fourteenth Amendments to the Constitution. These questions have been thoroughly discussed, with holdings contrary to the plaintiff's contentions, in the cases of Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed by an equally divided court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352; Deviny v. Campbell, 90 U.S.App.D.C. 171, 194 F.2d 876, certiorari denied 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643; Scher v. Weeks, D.C., Cir., 231 F.2d 494.

■ Plaintiff next contends that there was not substantial evidence to support the charges made. On the record before me, there was substantial evidence upon which the decisions of the Post Office Department and the Civil Service Commission can be sustained. The role of the courts in cases of this type is a confined one. In Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871, 873, the court said:

"We think it well to reiterate that in civil service cases the task of the courts is a limited one. Certainly they cannot undertake to pass on a plaintiff's qualifications for any given post, or to compare them with those of an incumbent. It is not within their province to weigh the merits of a person's claim to a Federal job. Congress has established administrative machinery to make these determinations. Where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of the administrative determination, a measure of judicial relief may on occasion be obtainable. But no such basis for relief has here been laid."

■ Plaintiff also contends that his rights under Section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863, were violated. He contends the notice of charges was invalid in that it did not furnish him with "any and all reasons specifically and in detail, for such proposed action". The charges furnished plaintiff were sufficient reasons for his removal. If there were other grounds for removal, which did not form a basis for the defendants' findings, plaintiff can hardly be heard to complain of the failure to specify them in detail. The record before me indicates his removal was not for political reasons, and the Civil Service Commission went so far as to investigate the merits of this contention.

Plaintiff contends finally that his dismissal was invalid for failure to comply with the Performance Rating Act, 5 U.S.C.A. § 2001 et seq. In view of the decision in Thomas v. Ward, D.C.Cir., 225 F.2d 953, this contention is without merit.

Plaintiff has received all that he is entitled to under the law. He received a hearing pursuant to the statutes involved, and pursued his remedy on appeal as by law he might. It is not for this court, at this date, to examine the merits of the grounds for his removal. Having been accorded all that he is entitled to, and there being no deprivation of plaintiff's rights, under either the Constitution, the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., the Performance Rating Act of 1950, or the Veterans' Preference Act, the plaintiff has no claim as a matter of law and the motion of the defendants for summary judgment will be granted.

Counsel for defendants will submit an appropriate order.