Daniel Alton WILLIAMS, Appellant,

v.

Eugene M. ZUCKERT, Secretary of the Department of the Air Force, et al., Appellees.

No. 16345.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 9, 1961.

Decided Nov. 9, 1961.

Mr. Sidney Dickstein, Washington, D. C., with whom Mr. David I. Shapiro, Washington, D. C., was on the brief, for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Charles T. McCally, Asst. U. S. Atty., were on the brief, for appellees. Messrs. Nathan J. Paulson and Daniel J. McTague, Asst. U. S. Attys., also entered appearances for appellees.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

The District Court granted summary judgment sustaining the discharge of appellant as a civilian employee of the United States Air Force. Appellant claims that under the pertinent provisions of the Veterans' Preference Act, 58 Stat. 390 (1944), as amended, 5 U.S.C.A. § 863, and the regulations issued by the Civil Service Commission pursuant to that Act he was entitled to have the appellees produce for cross-examination the three members of the Air Force whose affidavits were the basis of the charges against him. Appellees declined to order the production of these persons as witnesses. There is no claim that the notice of charges or administrative hearing procedures were otherwise defective.

The statutes under which Congress has authorized the dismissal of civilian employees of the government by administrative process do not require the government, in this case the Air Force, to produce for cross-examination the persons whose affidavits or statements supply the factual basis for dismissal. 62 Stat. 354 (1948), 5 U.S.C.A. § 652(a). The burden of producing witnesses at a Civil Service Commission hearing under the Veterans' Preference Act is, under the pertinent regulation, 5 C.F.R. §

22.607 (rev. 1961), properly left upon the party who wants them. See Deviny v. Campbell, 90 U.S.App.D.C. 171, 194 F.2d 876, cert. denied, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643 (1952). The failure of the Air Force to produce such witnesses here can in no way be viewed as a denial of appellant's statutory and procedural rights. See Shields v. Sharp, No. 15666 (D.C.Cir. order, Nov. 1, 1960); Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722, cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104 (1960).

Appellant concedes he did not request the three Airmen to attend the hearing; he concedes he does not know whether, if asked, they would have attended or if they attended how they would testify. Appellant has thus failed to use available administrative means to arrange for the appearance of witnesses as provided by the Civil Service Commission Regulations. See 5 C.F.R. § 22.607 (rev. 1961).

Affirmed.