transport" N.V. (Oranje Line) v. Anchor Line Ltd., in Pike & Fischer Shipping Reg. 211 (decided Jan. 23, 1961), cite ample evidence and reasons to support the Commission's conclusions.[3] Accordingly, the order is

Affirmed.

387, as amended, 5 U.S.C.A. § 851. He appeals from a final order of the District Court denying relief. We find no error affecting substantial rights. Cf. Williams v. Zuckert, 111 U.S.App.D.C. ——, 296 F.2d 416, decided Nov. 9, 1961.

Affirmed.

### Eugene S. CAPLAN, Appellant,

v.

### John B. CONNALLY et al., Appellees.

### No. 16508.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1962.

Decided Feb. 1, 1962.

Mr. Charles A. Docter, Washington, D. C., for appellant.

Mr. Abbott A. Leban, Asst. U. S. Atty., Washington, D. C., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Charles T. McCally, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees. Mr. Charles T. Duncan, Principal Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

Appellant is a discharged government employee eligible for veterans' preference under the Act of 1944, § 2, 58 Stat.

### MID-AMERICA PIPELINE COMPANY, Petitioner,

v.

### FEDERAL POWER COMMISSION, Respondent,

### Northern Natural Gas Company, Intervenor.

### No. 16694.

United States Court of Appeals District of Columbia Circuit.

Jan. 26, 1962.

ers have directed our attention to alleged discrepancies between a few statements in the Board's second report and order and certain advertisements appearing in the record. These discrepancies, if such they be, are too insubstantial to affect our decision.

3. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); National Labor Relations Board v. Southland Mfg. Co., 201 F.2d 244 (4th Cir. 1952); Minkoff v. Payne, 93 U.S.App. D.C. 123, 210 F.2d 689 (1953). Petition-