**John J. McTIERNAN, Plaintiff,**

v.

**J. Edward DAY, as Postmaster General of the United States, John W. Macy, Jr., as Chairman and L. J. Andolsek and Robert E. Hampton, as Commissioners, constituting the United States Civil Service Commission, Defendants.**

No. 63–C–648.

United States District Court
E. D. New York.
Jan. 9, 1964.

Morris Weissberg, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendants; Thomas J. Lilly, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

The parties to this action move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff instituted this action, pursuant to 28 U.S.C. § 1361 in the nature of mandamus, in that this is an action under the Veterans' Preference Act, 5 U.S.C. § 863, and the Administrative Procedure Act, 5 U.S.C. § 1009, to review his discharge as Postmaster at Central Islip, New York. It is conceded that the plaintiff has exhausted his administrative remedies. The complaint in substance alleges that the plaintiff is an honorably discharged veteran; that he entered the employ of the Postal Department on October 1, 1950 and subsequently acquired permanent civil service status as Postmaster; that between the months of February 6, 1959 and March 13, 1959, Postal Inspectors reported 82 irregularities in the operation of the post office to which he was assigned and he was discharged from his position by letter dated May 24, 1961, effective May 19, 1961. The Post Office Department conducted hearings at which the plaintiff was present with counsel and on July 23, 1959 notified him of his removal as Postmaster. An appeal was taken to the Civil Service Commission. It investigated the charges, conducted hearings and on July 5, 1960 sustained the discharge by the Postal Department. This Commission held that of the 82 irregularities which were the basis of the plaintiff's discharge, 8 were procedurally defective in that they lacked specificity; 11 were found to be unsupported by the evidence; 8 were partially sustained and 55 were found to be sustained by the evidence. The plaintiff thereupon appealed to the Board of Appeals and Review which affirmed the Commission's determination. Rehearing was denied and on May 19, 1961, the plaintiff was removed as Postmaster.

The Court has before it the voluminous record of the prior proceedings, including the exhibits. The plaintiff in challenging his dismissal has urged nine violations of statutes and regulations in addition to bias and prejudice by the Postal Department.

In Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247, the Court said:

"We agree with the District Judge that '[i]f there is a rational basis for the conclusions reached by the administrative agency and if all requirements of law are complied with, the Court may not step in and substitute its own judgment for that of the administrative agency,' and that there was such basis here." See cases cited thereunder.

It is conceded that the plaintiff was not given three affidavits at the Post Office Department hearing. However, they were made available to the plaintiff on the appeal to the Civil Service Commission. The plaintiff was accorded the opportunity of responding thereto. A similar objection raised by the plaintiff

that he was not given an opportunity to respond was dismissed in Green · v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610, cert. denied. 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35. That they were considered in his discharge was held untenable provided there was .sufficient undisputed evidence to uphold the discharge. In Finnegan v. Daly, 101 U.S. App.D.C. 227, 248 F.2d 87, at page 89 cert. denied 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113, the Court held in part:

> "It is established that the invalidity of one charge will not vitiate a dismissal where the remaining charges are valid and sufficient." See cases cited in footnote 2.

■ The plaintiff strongly urges that the defendants failed to produce three witnesses for examination after timely demand was made upon the Civil Service Commission which then forwarded the request to the Post Office Department. The plaintiff contends that the regulation 5 C.F.R. 22.603 was violated in not producing these witnesses. In support, he cites Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L. Ed.2d 486, rehearing 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136. These cases are distinguishable and do not assist the plaintiff. The rule has been formulated whereby the failure of the Civil Service Commission to require presence of witnesses as requested by an appealing employee did not violate the Commission's regulation. Deviny v. Campbell, 90 U.S. App.D.C. 171, 194 F.2d 876, cert. denied 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643. The Court has examined the other points raised by the plaintiff and concludes that the record does not support them.

In Hargett v. Summerfield, 100 U.S. App.D.C. 85, 243 F.2d 29, at page 31 the Court held in part:

> "The Supreme Court, in Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 576, 44 L.Ed. 774, considered whether or not the courts may supervise the acts of an executive department head in discharging an employee. · The Court's decision in that case clearly placed the removal of executive department employees within the ambit of executive discretion, and ruled that until Congress, by 'special and direct legislation makes provision to the contrary', the courts could not review the soundness or propriety of the exercise of the department head's discretion.

> "In United States ex rel. Taylor v. Taft, 1904, 24 App.D.C. 95, 98, this court pointed out:.

> > " 'The question of fitness, capacity, attention to the duties of an officer, is necessarily to be determined by the heads of the departments; this determination is only arrived at by the exercise of discretion and judgment * * *.' "

The Court at page 32 of 243 F.2d further held:

> "These cases and others of similar import, decided both before and after the passage of the Administrative Procedure Act in 1946, make it clear that employee removal and discipline are almost entirely matters of executive agency discretion, and that judicial review of such actions is ordinarily available only to determine if there has been substantial compliance with the pertinent statutory procedures provided by Congress and no misconstruction of governing legislation. This has resulted in an unbroken line of authorities holding that, so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion." See cases cited thereunder.

The Court has carefully examined all points and arguments raised by the plaintiff together with the record of the administrative proceedings and finds no error or failure to comply with the applicable statutory rules and regulations.

The plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.

Settle order and decree on notice.