Maxwell C. **HUNTER**, Plaintiff,

v.

John S. **GRONOUSKI**, Postmaster General of the United States of America, John S. Gronouski, individually, E. T. Groark, Chairman of the Board of Appeals and Review, United States Civil Service Commission, E. T. Groark, individually, and Doe I through Doe XV, inclusive, Defendants.

Civ. No. 63–545.

United States District Court
S. D. Florida.
Oct. 19, 1964.

Fuller Warren, Miami Fla., for plaintiff.

William A. Meadows, Jr., U. S. Atty., and Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for the Government.

DYER, Chief Judge.

The Plaintiff instituted this action in the nature of mandamus to review agency action demoting him from Assistant Postmaster, Opa-Locka Post Office, Opa-Locka, Florida, to Distribution Clerk and transferring him out of said post office. Jurisdiction is conferred by 28 U.S.C. § 1361. Venue is conferred by 28 U.S.C. § 1391. The action is governed by the applicable provisions of the Veterans' Preference Act, 5 U.S.C. § 863 et seq., and the Administrative Procedure Act, 5 U.S.C. § 1001 et seq. It is conceded that the Plaintiff has exhausted his administrative remedies.

The complaint in substance alleges that the Plaintiff is a veterans' preference civil servant entitled to permanent tenure unless removed or demoted for cause.

The Plaintiff, who was employed as Assistant Postmaster, Opa-Locka, Florida, Post Office Department, was charged by a letter of charges dated January 15, 1962, with:

CHARGE I: Having impaired his effectiveness as a supervisor in and by specifications sub-lettered (a) through (g); and

CHARGE II: Having submitted unsigned Post Office Forms 1230 on three occasions.

On appeal to the United States Civil Service Commission, Atlanta Region, the sub-lettered specifications (a) through (d) of the January 15, 1962 letter, were sustained in its decision dated November 16, 1962; however, they were not considered as having established that Plaintiff's effectiveness as a supervisor was impaired to a significant degree. Specifications (e), (f) and (g) were not sustained. Charge II was sustained as to the submission of unsigned postal forms on two of the three occasions specified.

The Decision of the Commission's Atlanta Regional Office was affirmed by the Board of Appeals and Review, U.S. Civil Service Commission, Washington, D.C., on April 11, 1963.

Subsequent to the letter of January 15, 1962, the Plaintiff was charged in a letter dated May 21, 1962, with:

CHARGE I: Having impaired his effectiveness as a supervisor in and by specification sub-lettered (a);

CHARGE II: Reporting false and distorted information by telephone by specifications sub-lettered (a) through (c); and

CHARGE III: Failing to follow channels of communications by by-passing the postmaster in said telephone call.

On appeal, Charges I and II were sustained by the Atlanta Regional Office in its Decision of November 16, 1962, which was affirmed by the Board of Appeals and Review, U.S. Civil Service Commission, Washington, D.C., on April 11, 1963.

Plaintiff contends that there was a violation of procedural requirements in the consideration of the original charges against him contained in the letter of January 15, 1962, in that this letter was subsequently withdrawn by the Regional Director and evidence as to these charges should not have been considered at the original hearing on October 4, 1962.

We, of course, are here concerned only with the charges in that notice of Plaintiff's failure to certify time cards on September 1 and October 27, 1961 (which Plaintiff admitted), the other charges having been disposed of favorably to Plaintiff. It seems quite clear that the May 23, 1962, letter from the Post Office Department Regional Director to the Plaintiff withdrew the March 5, 1962, Decision notice and the March 16, 1962, letter suspending that Decision, but did not withdraw the January 15, 1962, notice of proposed adverse action.

■ The further contention of the Plaintiff that the Assistant Regional Appeals Examiner had pre-decided a key issue, i e., the proper construction of

the May 23, 1962 letter, is not borne out by the record.

■ Relying on Section 745 of the Postal Manual, Plaintiff objects to the notification of the adverse decision of the Regional Director being signed by the Postmaster supervising the Plaintiff, rather than the Regional Director himself. There can be no doubt that the decision was made by the Regional Office and that the Postmaster was merely the conduit for the decision to the employee. While this was a poor means of communicating the decision, it nevertheless was not in violation of the requirements of the Manual. There was substantial compliance with procedural requirements.

■ Plaintiff also objects to the use of Affidavits submitted by the Agency to support and sustain the charges set forth in the letter of May 21, 1962, because certain witnesses were not made available for cross-examination. The Board of Appeals and Review concluded that the testimony of the Plaintiff's witnesses at the hearing and Plaintiff's denials and other evidence did not offset the Agency's adverse affidavits, documentary evidence, and the written and oral admissions of Plaintiff and his witnesses. Administrative agencies have never been restricted by the rigid rules of evidence, Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705, 706, 68 S.Ct. 793, 92 L.Ed. 1010. The Civil Service Commission's regulations governing the conduct of a hearing have been repeatedly upheld, Deviny v. Campbell, 90 U.S. App.D.C. 171, 194 F.2d 876 (1952), cert. den., 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643; McTiernan v. Day, 225 F.Supp. 720 (E.D.N.Y.1964); McTiernan v. Gronouski, 337 F.2d 31 (C.A. 2 1964); Brown v. Macy, 222 F.Supp. 639 (E.D. La.1963).

■ There was no procedural defect in the failure to produce witnesses employed by the Post Office Department at the hearing before the Civil Service Commission. It has long been settled law that the burden of producing witnesses at Civil Service discharge hearings is on the party who wants them. The Civil Service Commission has no subpoena powers, Deviny v. Campbell, supra; Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486. Further, in the present case, there are no post office regulations requiring that agency to produce witnesses upon request, and thus, no question of procedural irregularity resulted from the failure to produce the witnesses, Brown v. Macy, supra. Plaintiff throughout has insisted that it was error for the Examiner not to have had admitted and considered the letter of the National Association of Letter Carriers, dated January 12, 1960, containing twenty six complaints of abuses directed against the former Postmaster, supervisors and other officials. This was irrelevant to the charges laid against the Plaintiff, was entirely collateral to the issue to be determined and was therefore properly rejected.

■ The voluminous record of the prior proceedings, including the exhibits, have been read and examined, and the Plaintiff's challenge of his dismissal because of violations of statutes and regulations in addition to bias and prejudice by the postal department has been carefully considered. It is obvious that there was a troublesome situation present at the Opa-Locka Post Office. It was the decision of the Post Office Department, upheld by the Civil Service Commission, that Plaintiff should be demoted. This action was in accordance with applicable law and regulations, and all procedural requirements were met. McClellan v. Phinney, 331 F.2d 307 (C.A. 5 1964). There is a rational basis for the conclusions reached by the administrative agency; the requirements of law were complied with, and the conclusions reached were not arbitrary, capricious or unwarranted. When this is the case, the Court may not substitute its own judgment for that of the administrative agency. Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962).

This Opinion will serve as the Court's Findings of Fact and Conclusions of Law under Rule 52(a), F.R.Civ.P.

Judgment for the Defendants to be submitted for entry in accordance with the foregoing within ten days.