**John E. MURPHY, Plaintiff,**

v.

**Alvin M. KELLEY, Director of Internal Revenue, Sheldon S. Cohen, Commissioner of Internal Revenue, and John W. Macy, Jr., L. J. Andolsek, and Robert E. Hampton, Commissioners of United States, Civil Service Commission, Defendants.**

**Civ. A. No. 65-792-J.**

United States District Court
D. Massachusetts.

April 29, 1966.

---

Arthur Gottlieb, Gottlieb, Cooke & Gottlieb, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Edward F. Harrington, Asst. U. S. Atty., for defendants.

## OPINION

JULIAN, District Judge.

This action is before the Court on two cross motions for summary judgment filed by the plaintiff and the defendants. In his complaint the plaintiff seeks review of the decision of the District Director of Internal Revenue to remove the plaintiff from his position of Criminal Investigator with the Internal Revenue Service. The removal was grounded on four charges: (1) unauthorized use of a Government vehicle, (2) failure to protect Government equipment, (3) use of intoxicants, and (4) embarrassment to the Service. The plaintiff appealed the removal to the Civil Service Commission; and on March 26, 1965, a hearing was held before the Appeals Examiner. The examiner found that charges two and four (failure to protect Government equipment, and embarrassment to the Service) were not supported by the evidence. The remaining two charges, however, were found to be substantiated as set out in the specifications:

"*CHARGE I*

Unauthorized use of government-owned vehicle.

*Specification 1*

On September 23, 1964, a government-owned vehicle, 1964 Ford Fairlane Sedan, Massachusetts Registration Number 664519, Identification No. G–11–211–3, was signed out by

you for the purpose of carrying out your official duties. When you left the Boston Office at approximately 2:30 P.M. on September 23, 1964, you made no indication as to your own destination or use of the said vehicle for September 24, 1964. At approximately five o'clock (5 P.M.) on September 23, 1964, after completing your official duties in the Norwood, Massachusetts area, instead of parking the said government vehicle at or near your place of residence, 32 Hilburn Street, Roslindale, Massachusetts, as agreed by you on May 31, 1963 on Form 3535, 'Government Vehicle Use & Storage Near Residence Application and Approval', you drove the car to American Legion Hall, Canton, Massachusetts, for the purpose of attending a meeting of the Lions Club. The government vehicle remained parked in the American Legion parking space from approximately 7:30 P.M. until about 11:40 P.M., September 23, 1964, at which time you proceeded to drive the government car home. While you were driving along the Reynolds Street Extension, Canton, Massachusetts, at approximately 12:05 A.M. on September 24, 1964, you ran the car off the road causing damage to the drive shaft and tail pipe, necessitating that the car be towed away on September 24, 1964. The above charge and specification constitutes a violation of Section 1942.64(1), 'Rules of Conduct for Internal Revenue Service Employees' (Rev. 10/63)

"*CHARGE III*
Use of intoxicants.

*Specification 1*

On September 23, 1964 at approximately 11:15 P.M. you were in an intoxicated condition at the bar of the American Legion Hall, Canton, Massachusetts. This was evidenced by your stumbling, staggering, and incoherent speech. You became boisterous and argumentative while drinking and used the words 'hell and damn' in the presence of nearby females. As a result of your actions the bartender, Mr. William Shea, refused to serve you as he felt you had too much to drink.

The above charge and specification constitute a violation of Section 1942.33, 'Rules of Conduct for Internal Revenue Service Employees' (Rev. 10/63)."

The Appeals Examiner concluded that removal of the plaintiff was warranted. The reasoning behind this conclusion is particularly pertinent here, and I shall therefore quote from the decision of the Appeals Examiner:

"There can be no doubt that unauthorized use of a Government vehicle for a personal and unofficial purpose is a serious breach of discipline. The Statute, 5 U.S.C. 78(C), makes a one month suspension without pay the minimum penalty for such misuse, and provides for a longer period or summary removal where circumstances warrant.

"Less than two weeks before the incident, the District Director issued a Circular to employees, which was brought to the attention of Mr. Murphy, reminding them that Government vehicles will be used for official purposes only, and that wilful misuse would subject an employee to disciplinary action.

"The appellant's representative sought to make much of the fact that the personal use of the vehicle was a minor one. We do not agree with that view. When Mr. Murphy finished his official business on the 23rd, he should have driven the car to his home or to some other proper garage facility and stored it there overnight. He had more than ample time to do that, and still get to the Lions Club meeting at Canton that evening. Instead of doing so, he just passed the time in Norwood until it was near the hour for the meeting. Thus, it is apparent that he made his plans purposefully to avoid going home to Roslindale and then driving back to

Canton in his own private car. As we see it, this is a considerably more wilful misuse of a Government vehicle than a case where an employee who is en route on official business departs from the direct route for a brief distance and time to engage in a personal, unofficial activity like shopping or making a social call on someone nearby; and then resumes his route on official business. The fact that the distance from Norwood to the American Legion Hall in Canton is just a couple of miles or so, is in our opinion, of less importance than the fact that the misuse of the vehicle was at night, well removed in point of time and place from any official purpose.

"On Charge III, we hold that a single isolated instance of drunkenness off duty, in a private club, in which the evidence taken at its strongest against the employee indicates some boisterousness, loud speech, and only mild profanity, does not warrant consideration for removal and adds no weight to the gravity of the first charge of unauthorized use of a Government vehicle.

"Considering Mr. Murphy's length of Federal service, his age, physical condition, and previous satisfactory record, we nevertheless are of the opinion that his removal for unauthorized use of a Government vehicle as charged and established, so soon after the Circular was issued and brought to his attention regarding such misuse, was warranted, was for such cause as will promote the efficiency of the service and is sustained. We do not recommend any change in the action of the Internal Revenue Service in effecting Mr. Murphy's removal from the service."

The removal was further appealed to the Board of Appeals and Review of the United States Civil Service Commission in Washington, D. C., and was again affirmed. The plaintiff now seeks review in the form of a declaratory judgment under 5 U.S.C. § 1009. He does not contend that the findings of fact of the Appeals Examiner are erroneous or unsupported by evidence; nor does he contend that there was any procedural irregularity. The sole ground for his complaint is that the action of removal, rather than a less serious action, in the light of the two charges sustained was unreasonable, arbitrary, capricious, and in effect, an abuse of discretion. This is the sole issue before the Court in deciding the two cross motions for summary judgment filed by the plaintiff and the defendants.

 The standard of review in this case is strictly limited to a determination of whether the removal was "arbitrary, capricious, an abuse of discretion" under the circumstances. 5 U.S.C. § 1009. The Court is not empowered to substitute its own judgment for that of the District Director, but can merely test the decision of removal against the specific standard established by 5 U.S.C. § 1009 stated above. Brownell v. United States, 1964, 164 Ct.Cl. 406.[1]

In applying this limited standard, I find that the removal of the plaintiff cannot be held to be arbitrary or capricious or an abuse of discretion. In 1946 Congress considered the problem of unauthorized use of Government vehicles of sufficient seriousness to amend Section 78 of Title 5, United States Code, to specifically provide as follows:

"Any officer or employee of the Government who willfully uses * * * any Government-owned passenger motor vehicle * * * for other than

---

1. The plaintiff is a veteran covered by 5 U.S.C. § 652 which provides that "No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service * * *." However, it has been established that an administrative determination by the employing agency of what constitutes "such cause as will promote the efficiency of such service" in cases of removal will not be reviewed judicially. Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 175 F.2d 364; Saggau v. Young, 1956, D.C.D.C., 138 F.Supp. 140, 142.

official purposes * * * shall be suspended from duty by the head of the department concerned, without compensation, for not less than one month, and shall be suspended for a longer period or *summarily removed from office if circumstances warrant.*" (Emphasis added.)

The plaintiff relies heavily on the case of Clark v. United States, 1963, 162 Ct. Cl. 477. In that case the plaintiff, Clark, had been a Government employee for over twenty years, with memoranda and efficiency ratings in his personal file indicating a career of outstanding service. In 1954 he was made Chief of the Civil Aviation Mission in Santiago, Chile. In 1956 he was removed from office, and the removal was affirmed by the Civil Service Commission. On appeal, the Court of Claims found that the removal was an abuse of discretion. The only ground for removal which the Court considered to be of a serious nature was unauthorized use of a Government vehicle. Clark's official duties required him to go to Easter Island. He used a Government vehicle to go from Santiago to Valparaiso where he left the vehicle until his return from Easter Island, intending to use it for the return trip in five or six weeks. While he was gone, his wife, living for the summer in Valparaiso, used the car on a few occasions to do some marketing, and on another occasion to take a child to a medical dispensary. The Court stated that:

"The personal use of the car was not extensive. Mrs. Clark did not use it freely as a substitute for the family's personal car, but only on a few occasions. Plaintiff himself never used it for personal purposes. In extenuation of his wife's use of it, we should bear in mind that the personal automobile plaintiff brought with him to Chile had been damaged beyond repair and he had been denied permission to import a replacement for it. Had his personal car been available, Mrs. Clark presumably would not have used the official car. We do not condone Mrs.

Clark's use of a Government-owned automobile, but we do not think this infraction of the regulations was of so serious a nature as to warrant plaintiff's discharge."

The fact situation in *Clark* is clearly distinguishable from that in our case. Within two weeks after a special notification was circulated by the District Director to the effect that unofficial use of Government vehicles would subject an employee to disciplinary action, the plaintiff here deliberately chose to use a Government vehicle instead of his own to avoid the inconvenience of driving from Norwood to Roslindale where his own car was parked and then driving back to Canton. According to the plaintiff's written statement to the Internal Revenue Service, he concluded his business in Norwood shortly after 5 P.M. He then decided against driving back for his own car. He had to kill time by reading a newspaper, going to a diner, window shopping, making notes on prospective duties, and watching road construction in order not to arrive at the Legion Hall in Canton until around 7:30 P.M. The time was more than ample for him to drive home, pick up his own car, and drive to Canton. Instead, he deliberately chose to use the Government vehicle; and when he left the Legion Hall between 11:30 P.M. and midnight, he somehow drove the car off the road, damaging the drive shaft and tail pipe so that it had to be towed away.

In view of this deliberate use of a Government vehicle under the circumstances stated above, shortly after an express warning by the District Director to all employees that such misuse would be considered a serious matter, there is no alternative but to find that the removal of the plaintiff was not arbitrary, capricious, or an abuse of discretion. Nor could it be said that this is not such cause for removal as will promote the efficiency of the service.

The plaintiff's motion for summary judgment is therefore denied, and that of the defendants is granted.