**Daniel A. WILLIAMS, Appellant,**

v.

**Harold BROWN, Secretary of the Air Force, et al., Appellees.**

**Nos. 19803, 20504.**

United States Court of Appeals District of Columbia Circuit.

Argued April 11, 1967.

Decided Oct. 17, 1967.

Mr. David I. Shapiro, Washington, D. C., for appellant. Mr. Sidney Dickstein, Washington, D. C., also entered an appearance for appellant.

Mr. Robert V. Zener, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, were on the brief, for appellees. Messrs. Frank Q. Nebeker and Gil Zimmerman, Asst. U. S. Attys., also entered appearances for appellees in No. 19,803.

Before EDGERTON, Senior Circuit Judge, FAHY* and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

The appeal in No. 20,504 from a grant of summary judgment by the District Court is a further round in a litigation which has engaged the attention of courts at all levels of the federal system. The controversy is over the discharge of appellant, a civilian employee, by the Air Force in 1959. Having failed of relief at the Civil Service Commission, appellant sued in the District Court for reinstatement and back pay. He was before us first in Williams v. Zuckert, 111 U.S. App.D.C. 294, 296 F.2d 416 (1961). From our affirmance of the adverse judgment of the District Court, appel-

lant successfully sought *certiorari* from the Supreme Court, only to have the writ subsequently dismissed after argument as improvidently granted. 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963). However, on petition for rehearing, appellant's representations as to the impediments placed in his way by the Air Force at the Civil Service Commission hearing caused the Court to send the case back to the District Court for hearing of these allegations. 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). The District Court found that appellant had made a timely endeavor to obtain the presence of certain witnesses at the Commission hearing, but that he was thwarted in this effort by conscious Air Force disregard of its own regulations. The District Court thereupon remanded the case to the Civil Service Commission for a new hearing on the propriety of appellant's discharge. That hearing was held; the Commission sustained the discharge; and the District Court upheld the Commission, both as to (1) the procedural regularity of the second hearing and (2) the merits of appellant's discharge for cause. It therefore denied all relief in a careful and detailed opinion.

We believe that the District Court was correct in its appraisal of the second hearing and in its denial of reinstatement rights from and after the Civil Service Commission determination based upon that hearing. For the reasons appearing hereinafter, however, we think the District Court erred in not regarding appellant as entitled to such rights from the date of his discharge to such second Civil Service Commission determination.

I

The issue tendered upon this appeal derives from familiar and formal language used by the Supreme Court. When it remanded the case to the District Court for hearing and determination of appellant's claim with respect to Air Force interference with a fair hearing at the Commission level, the Court concluded by saying that "[u]pon mak-

---

* Circuit Judge Fahy became Senior Circuit Judge on April 13, 1967.

ing such determination, the District Court shall thereupon enter such further order or judgment as may be appropriate." When the District Court determined that the first hearing had been vitiated by Air Force conduct, the judgment it thought appropriate to enter was to send the matter back to the Commission for a new hearing.[1] At the convening of the new hearing, appellant's counsel asserted that he was entitled to reinstatement without further hearing. When the examiner reserved ruling on counsel's motion to this effect, appellant's counsel withdrew from the hearing in order, as he said, to avoid any waiver of his position; and he stated that appellant would not appear to testify at the hearing for the same reason.

The only reason for reversal pressed upon us is that, once the District Court found the first hearing to have been defective, appellant was then and there entitled to a judgment of reinstatement. The Government urges, contrarily, that, as in the case of a judicial reversal for procedural error, appellant should be given a new trial. Neither seems to us to be wholly right; and, in any event, the answer is to be drawn from the statutes expressly addressed by Congress to the conditions under which one situated as was appellant may be separated from the federal service.

Appellant, a civilian employee of the Air Force, was a veterans' preference eligible within the meaning of the Veterans' Preference Act. Section 14 of that statute, 5 U.S.C. § 863 (1964), gives to such employees certain protections against arbitrary discharge. It provides that the employee must receive written notice, 30 days in advance, of the proposed discharge and the reasons for it. He then "shall be allowed a reasonable time for answering the [notice] personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision" of his employer.

The Government contends that the word "appeal" implies inescapably that the discharge decision by the employer is final and complete, and that the Civil Service Commission proceedings are wholly in the nature of appellate review. From this it infers that any defect in the process by which the discharge is reviewed does not invalidate the discharge itself, but only gives rise to a right to a new and proper review. Appellant argues that, with the establishment of the defect in the process, the effort to discharge him was ineffective, and he was entitled to reinstatement forthwith. This contention is, in substance, that the Civil Service Commission proceedings are an extension of the personnel separation machinery of the employing agency; and that a discharge fails of effect when and as there is a breakdown for any reason in this integrated process extending from employing agency through the Commission.

The District Court has embraced the Government's view of the matter. It recognized, however, that the Court of Claims appears to have sided with the other position. Hanifan v. United States, 354 F.2d 358 (1965). The *Hanifan* case, said the District Court, could be distinguished on two grounds, i. e., it was a suit for back pay alone, and there had been no second hearing before the Civil Service Commission. The Government, in its brief to us, looks upon *Hanifan* as squarely against it, and says that it must "agree with appellant * * * that *Hanifan* is not distinguishable from the case at bar."

We are disposed to agree with the Court of Claims' construction of Section 14 to the effect that "an employee who has been deprived of a procedural right by the Commission must be regarded as not yet lawfully removed and thus en-

---

1. Appellant appealed this disposition, but the appeal (No. 19,803) was dismissed without prejudice to its reinstatement after final action by the Civil Service Commission. Reinstatement was subsequently sought and granted; and the appeal was consolidated with No. 20,504.

titled to his pay otherwise due." 354 F.2d at 364. We are not moved to do this because of any analogy to judicial proceedings, which the Court of Claims purported to see, wherein appellate review suspends the operative effect of the decision appealed. Such suspension is not a normal characteristic of judicial review and, indeed, finality of the first decision is the keystone of most appellate systems. We are impressed, rather, by the lack of any meaningful analogy between the processes employed in this case, on the one hand, and the familiar appeal from trial court to appellate court. In this case there was no evidentiary hearing afforded by the Air Force in which appellant could confront and cross-examine his accusers, and offer live witnesses of his own. There was no adversary trial of the accusations against appellant for which he was discharged. That had to await the "appeal" to the Civil Service Commission given by Section 14. And that "appeal," unlike one in a judicial setting, encompassed the taking of evidence, including the testimony of witnesses, before an examiner.

It is true, of course, that appellant went off the payroll at the end of the notice period; and Congress has expressly provided for back pay as and when either the employing agency or the Civil Service Commission later concludes that a discharge was improper. It could plausibly be argued that Congress intended this back pay assurance to be the employee's sole protection against delay in his vindication, including that caused by successive Commission hearings upon the propriety of his discharge; and, in such view, there would be no necessity for an evidentiary hearing at the employing agency level in order to render the discharge process complete, subject only to an appeal to the Civil Service Commission.[2]

But it is one thing to be able to submit protests in writing to a discharging employer and quite another to have the opportunity to persuade him of error through the medium of an evidentiary hearing in which there can be cross-examination and live testimony. In view of Congress' special concern that the preference eligible—unlike other federal employees—be afforded this kind of hearing in connection with his discharge, we join the Court of Claims in concluding that the discharge was not complete for all purposes short of the Commission's determination. We interpret the Court of Claims' position in *Hanifan* to be that because Congress envisaged the Commission hearing as an integral part of the removal process, any discharge remained inchoate until such hearing, if sought, was effectively afforded, and was therefore subject to defeasance by procedural errors. So read, we do not depart from *Hanifan*.

We note that appellant was discharged in 1959. Since that time a sweeping survey of federal employment conditions by the President's Task Force on Employment-Management Relations in the Federal Service has resulted in the issuance of Executive Order No. 10,987. Under this order and the regulations implementing it there are no significant differences in the procedural rights available to veteran and non-veteran civil servants. Each may have an evidentiary hearing at the employing agency level if he wants one,[3] as well as a second

2. Support for this view may be found in the legislative history of the first back pay statute in 1948. This legislation was specifically intended to overrule a line of decisions of the Comptroller General to the effect that federal employees—including preference eligibles—who had been reinstated by the employing agency or the Civil Service Commission were not entitled to back wages for the period during which they were not actually working, even though the original discharge by the employing agency had been substantively or procedurally defective. See H.R.Rept. No. 1436 on S. 1486, 80th Cong., 2d Sess. (1948). In providing for back pay only after reinstatement, Congress may arguably be taken to have accepted the Comptroller's view that the discharge was complete for all purposes before the Civil Service Commission appeal.

3. In his opinion dissenting from the Supreme Court's dismissal of certiorari as

evidentiary hearing upon appeal to the Civil Service Commission. Each may, of course, waive or abandon the former and pursue only his remedy before the Commission, but such a choice to forego an evidentiary hearing within the employing agency would be the employee's own. Appellant, of course, had no such choice; and it goes without saying that it is only his case that we are deciding.

It does not follow, however, that appellant's discharge, albeit incomplete in the sense referred to above, is without any capacity whatever to end his right to reinstatement once that discharge has been sustained by the Commission on its merits after a full and fair hearing. The Commission determination under these circumstances could not erase appellant's right to back pay in respect of the period when his separation from service was incomplete. But we see nothing in the statutes or regulations which forbids the Commission from holding a second hearing upon court remand. And, if that hearing is free of procedural error and supports a determination on

the merits of the propriety of the discharge, that would appear to us to make the discharge final and effective for the purpose of nullifying any claim by appellant of a right to be reinstated from that point forward.[4] We turn, thus, to an examination of the District Court's conclusion that the Commission's determination after the second hearing was supported by substantial evidence adduced in a procedurally adequate hearing.

## II

The charges leading to appellant's discharge were that he made homosexual assaults on three different servicemen: Tyler, Ryan, and Carwithen. The Air Force acted to discharge appellant on the basis of affidavits from each of the three. At the first Commission hearing, appellant asked for the presence of Tyler and Ryan only, in order that they might be cross-examined. He also requested the presence of a serviceman friend, one Stevens. It was the Air Force's failure to respond properly to these requests which invalidated the first hearing.

improvidently granted, Justice Douglas indicated that the employee's lack of opportunity for an evidentiary hearing before the employing agency belied the appellate characterization of the Civil Service Commission proceeding:

It should be remembered that while a veteran's proceeding before the Civil Service Commission is called an "appeal," it is usually the first opportunity an employee has for a "hearing" on the charges against him.

Williams v. Zuckert, 371 U.S. 531, 535, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963). Under current regulations, on the other hand, only a small minority of civil servants will be deprived of such an opportunity. Thus, the agency need not hold an evidentiary hearing if it would be "impracticable by reason of unusual location or other extraordinary circumstance." 5 C.F.R. § 771.213(b) (1) (Supp.1967). And the Commission may exclude certain classes of employees from the coverage of the new regulations "on the recommendation of the head of the agency concerned because the nature of the employee's work is such that inclusion under the agency appeals system is inappropriate." 5 C.F.R. § 771.204(c) (Supp.1967). Only for employees so ex-

cepted does the Commission appeal remain the first opportunity for an evidentiary hearing.

4. Such prospective reinstatement is not compelled by the rationale of *Hanifan.* The Court of Claims did reject the Government's argument that the claimant there should be required to show prejudice by reason of the procedural defect, and that the best way to implement this would be for the court to stay its hand until a new Commission hearing was held. But the court in no way intimated that such a hearing, if it were later held and were free of procedural error, would not be effective to terminate the claimant's employment. On the contrary, in a footnote to its rejection of the Government's argument the court observed:

Since reinstatement cases in the district court seek restoration to duty, not merely damages for an illegal discharge, it is possible that the rule for those cases may be different.

354 F.2d at 364, n. 4. In short, the Court of Claims recognized that, while a second Commission hearing could not affect the employee's right to back pay, it might cut off his claim to prospective reinstatement.

In advance of the second hearing, appellant's counsel was notified in writing as follows:

> The agency has assured us that Messrs. Alton Tyler and Patrick J. Ryan will be present for examination at the hearing. However, they advise that Mr. Curtis L. Stevens who was requested by * * * [plaintiff] * * * as a witness in his, * * * [plaintiff's] * * *, behalf was asked to attend the hearing but declined. Nevertheless the Air Force has issued travel orders which have been mailed to Mr. Stevens in case he should decide to appear.
>
> Mr. Stevens is no longer an employee of the Department of the Air Force. He is presently employed by General Dynamics in San Diego, California.
>
> Major Michael J. Barrett, Jr., of the Judge Advocates Office, Hq., USAF has suggested that you may want to assist in obtaining the presence of Mr. Stevens at the scheduled hearing. Major Barrett added that should Mr. Stevens remain adamant in his refusal to appear the agency would not object if you attempted to obtain his testimony by deposition.
>
> Although Mr. Robert H. Carwithen was not among the witnesses requested by * * * [plaintiff] * * * at the time of his initial hearing at the Civil Service Commission, Major Barrett stated he contacted Mr. Carwithen's home of record and Mr. Carwithen's mother stated she did not know his whereabouts. [Bracketed material supplied].

Appellant's counsel responded to this letter by saying that he had ascertained from Stevens' counsel that Stevens would not appear at the hearing as a witness for appellant or anyone else, and "would have nothing further to do with the matter, whether by deposition or otherwise." Appellant argued that, since the Air Force had discouraged Stevens' attendance before, unless it produced him now, appellant must be immediately reinstated.

At the opening of the hearing, appellant's counsel reiterated this claim as well as his general contention that, irrespective of Stevens, appellant was entitled to reinstatement without further hearing as a matter of law. When the examiner reserved decision on his motion to this effect, counsel withdrew from the hearing. Tyler and Ryan thereafter testified in person about the homosexual assaults made upon them by appellant. The Chief, Appeals Examining Office, recommended that the discharge be sustained. Appellant's appeal within the Commission to the Board of Appeals and Review was unsuccessful. The Board in its decision took note of the claim with respect to Stevens. It found that Stevens' nonappearance at the second hearing was not due to any lack of effort or diligence on the part of the Air Force who no longer had any control over him, but solely to Stevens' refusal to have anything to do with the hearing. It went on to say:

> The testimony from Mr. Stevens which appears in the record, and which is not unfavorable to the appellant, is contained in a statement given to a Commission investigator in connection with * * * [plaintiff's] * * * initial appeal to the Denver Regional Office. The agency's notices issued in connection with the removal action make no mention of Mr. Stevens and there is no indication that any statements by him were relied upon by the agency in reaching its decision to effect the appellant's removal.
>
> Under all these circumstances, it does not appear that Mr. Stevens' failure to appear at the hearing on December 14, 1965 is so significant as to affect the Board's decision on the merits of the current appeal.

As remarked earlier, appellant has not in this court attacked directly the Commission determination founded on the second hearing. He has been content to urge that, as a matter of law, he was entitled to reinstatement without exposure to a second hearing. In the District

Court, he asserted the same position, although he expressly urged as well that the absence of Stevens invalidated the entire second hearing.

■ The District Court examined the record and found that there was substantial evidence in support of the Commission's decision to sustain the discharge. It appears to us to have applied the correct standard in this regard, and that its conclusion is fully warranted. It also addressed itself in detail to the claim in respect of Stevens. It notes that the affidavit in the record given by Stevens to a Civil Service Commission investigator said that, although Stevens and another person, Airman Harris, were present at the place and on the night of the alleged assault on Ryan, they had left before the assault allegedly took place; and Stevens also stated that he had no personal knowledge of the alleged assault on Ryan or anyone else.

■ The District Court said that it did not think Stevens' presence could have affected the result in the light of the other evidence, and that it had been of the same view when the case was before it on remand from the Supreme Court. The issue then, however, had been whether the Air Force should have produced Stevens upon request when it had control over him. At the second hearing that control no longer existed, and the Air Force had done all it could to get him to attend. His failure to do so did not, in the Court's view, fatally infect the hearing from the standpoint of fairness or present any serious possibility of injustice in the result. We have no basis, from our own examination of the record, for disagreement with the District Court in this regard.

There has been no contention, either here or in the District Court, that appellant could not have been discharged for the reasons given by the Air Force. The District Court reviewed the evidence adduced by the Air Force at the second hearing in support of its charges, and concluded that there was substantial support in the record for the Commission's decision to sustain the discharge. That conclusion appears to us to have been justified.

The order of the District Court in No. 19,803 is affirmed. The order in No. 20,504 is reversed insofar as it denies reinstatement rights to appellant from the date of his discharge until the final determination by the Civil Service Commission after the second hearing; and the case is remanded to the District Court for further proceedings consistent herewith.

It is so ordered.