Thomas J. BOYLAN, Appellant,

v.

Donald A. QUARLES, Secretary of the Air Force, et al., Appellees.

No. 12892.

United States Court of Appeals
District of Columbia Circuit.

Argued May 18, 1956.

Decided June 21, 1956.

Mr. Ford E. Young, Jr., Washington, D. C., with whom Mr. Josiah Lyman, Washington, D. C., was on the brief, for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty. at the time the brief was filed, and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, WILBUR K. MILLER, and DANAHER, Circuit Judges.

PER CURIAM.

Appellant Boylan brought a civil action in the United States District Court for the District of Columbia. In an amended complaint he alleged that he had been employed in the Philadelphia Regional Office of the Air Force and that as the result of his actions in certain matters he became the object of a campaign by some of his superiors and co-workers to find fault with his work, embarrass him, and build up a case looking toward his dismissal. As the result of such efforts, he alleged, a letter of charges was served upon him. He said the charges were lacking in substance, that they had been built up by magnifying trivial incidents which had occurred from time to time over a long period and were nothing more than collective efforts of the conspirators to cause him to be discharged.

He apparently replied to the letter of charges, and he later appealed to the Civil Service Commission from the personnel action of the Regional Office of the Air Force dismissing him. The Commission affirmed the action of the agency. He then appealed to the Secretary of Defense and the Secretary of the Air Force but was advised (1) that the Secretary of Defense does not review appeals of personnel actions in the military departments and (2) that in order to avoid duplicate appeal processes the Air Force does not entertain appeals after an appeal in the same action has been taken to the Civil Service Commission. Boylan attempted to obtain reconsideration by the Commission, but the Commission declined to reopen the matter, stating that he had not shown any substantial reason therefor based upon new and material evidence.

In his complaint in the District Court Boylan prayed for a writ of *mandamus* requiring the defendant Secretaries to restore him to employment, or for a mandatory injunction to the same effect, or for a declaratory judgment to that effect. The District Court dismissed the complaint.

The case clearly falls within that line of cases in which this court has held many times that it will not review the action of executive officials in dismissing executive employees, except to insure compliance with statutory requirements.[1] No substantial departure from

1. E.g., Carter v. Forrestal, 1949, 85 U.S. App.D.C. 53, 175 F.2d 364, certiorari denied 1949, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507; Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 196 F.2d 871; Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35, certiorari denied 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 425; Williams v. Cravens, 1954, 93 U.S.App.D.C. 380, 210 F.2d 874, certiorari denied Williams v. Robbins, 1954, 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646; Benenati v. Young, 1955, 95 U.S.App.D.C. 120, 220 F. 2d 383.

applicable procedures, no misconstruction of governing legislation, nor any like error going to the heart of the administrative determination is shown in this case. The order of the District Court will be

Affirmed.