J. L. HOFFLUND, Appellant,

v.

Fred A. SEATON, Secretary of the Interior, et al., Appellees.

No. 14768.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 26, 1959.

Decided March 12, 1959.

Mr. J. L. Hofflund, appellant, pro se.

Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellees.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant, a Veterans Preference eligible in grade GS–15, was reassigned in the course of reorganization of the legal staff of the Department of the Interior. Effective March 11, 1956, his title became Attorney Advisor (General) (Assistant Solicitor), his position was graded GS–14, and his salary became $11,395. He sought to reverse his demotion through the various tribunals of the Civil Service Commission which decided adversely to him. He next asked declaratory relief in the District Court. The district judge ruled that the Government as of March 11, 1956, should have accorded to appellant the benefits of Section 12 of the Veterans' Preference Act, 58 Stat. 387 (1944), as amended, 5 U.S. C.A. § 861. Accordingly, it was ordered that appellees take appropriate administrative action. The judge declined to consider, and then dismissed, appellant's claim respecting the rate of basic compensation said to be required pursuant to provisions of the Retention of Salary Act, 70 Stat. 291, 5 U.S.C.A. § 1107 (Supp. V, 1956).

Now attacking the judgment because of fears that its scope is too narrow, appellant asks this court to vacate the

judgment of the District Court and to order a new judgment declaring that his demotion was invalid and should be set aside, and that he should be restored to his former grade and pay as though his demotion had never occurred.

■ We decline to do so. The District Court plainly decided that appellant should have been accorded the Section 12 procedures as prescribed in the Veterans' Preference Act, supra.[1] We have no reason to doubt that the scope of the remedy to be afforded may readily be discerned by the agency from the record in the District Court. We are not justified in assuming that appellant will not now be accorded full consideration of his status as of March 11, 1956, in accordance with Section 12 provisions and with appropriate administrative inquiry thereafter as to appellant's rights, if any, which may be derived from the Retention of Salary Act, supra.

■ Insofar as appellant here relies upon Section 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009, we note only our consistent refusal to review the merits or wisdom of agency personnel action. See, e. g., Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957), certiorari denied 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957); Boylan v. Quarles, 98 U.S.App. D.C. 337, 235 F.2d 834 (1956); Wagner v. Higley, 98 U.S.App.D.C. 291, 235 F.2d 518 (1956), certiorari denied 352 U.S. 936, 77 S.Ct. 230, 1 L.Ed.2d 165 (1956). Our function is to insure compliance by the agency with the statutory and regulatory requirements applicable in situations such as we here consider, and that we will do.

Accordingly, in the light of our comment and that of the district judge as disclosed by the record, the judgment remanding the case to the Department is

Affirmed.

1. Whether or not the District Court was correct in so deciding is not at issue here, as the Government did not take a cross-appeal, and advises us that it is

prepared to follow Section 12 procedures in appellant's case *nunc pro tunc.* But see Steinkirchner v. Wilson, 101 U.S.App. D.C. 92, 247 F.2d 83 (1957).