**L. Gilbert COHEN, Appellant,**

v.

**NEWSWEEK, INC., Appellee.**

**No. 18499.**

United States Court of Appeals
Eighth Circuit.

March 22, 1967.

L. Gilbert Cohen, Minneapolis, Minn., argued and filed typewritten brief pro se.

Lawrence C. Brown, of Faegre & Benson, Minneapolis, Minn., for appellee. Royall, Koegel, Rogers & Wells, New York City, and Armin M. Johnson of Faegre & Benson, Minneapolis, Minn., were with him on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

This is another appeal by L. Gilbert Cohen, who thus far has been unsuccessful in his efforts to prosecute an action for treble damages under the Sherman Act, 15 U.S.C. §§ 1–7 (1958) and the Clayton Act, 15 U.S.C. §§ 12–27 (1958).

Appellant originally commenced his antitrust action on September 7, 1960, naming as defendants Time, Inc., Life Circulation Company, Curtis Publishing Company, Curtis Circulation Company, The Hearst Corporation and Cowles Magazines, Inc. Newsweek was named a defendant in an amended complaint. The district court, on motion, dismissed Newsweek for lack of jurisdiction. We affirmed. Cohen v. Newsweek, Inc., 312 F.2d 76 (8th Cir. 1963).

On June 1, 1962 the district court granted summary judgment in favor of Time and Life. Cohen v. Curtis Pub. Co., 31 F.R.D. 569 (D.Minn.1962), aff'd per curiam, Cohen v. Time, Inc., 312 F.2d 747 (8th Cir. 1963), cert. denied, 375 U.S. 850, 84 S.Ct. 106, 11 L.Ed.2d 77 (1963).

On September 19, 1963 the court granted summary judgment in favor of Curtis Publishing Company, Curtis Circulation Company, The Hearst Corporation and Cowles, Inc., Cohen v. Curtis Pub. Co., 229 F.Supp. 354 (D.Minn.1963), appeal dismissed, 333 F.2d 974 (8th Cir. 1964), cert. denied, 380 U.S. 921, 85 S.Ct. 923, 13 L.Ed.2d 808 (1965).

Newsweek was brought back into the case by a subsequent service of process and it also moved for summary judgment. The motion was granted and this appeal is from that judgment.

We have carefully examined appellant's contentions in light of the full record and the applicable law and are unable to find any sound basis for reversing the court's judgment.

Mr. Cohen, a layman, has represented himself throughout this litigation. His repeated efforts to obtain relief have been given careful consideration. Judge Nordbye, who has presided over this entire litigation, noted in his memordandum opinion that plaintiff's amended complaint did not charge Newsweek with any conduct unique from that of the other defendants, which would present new issues not previously considered and disposed of by the court in granting summary judgment in favor of the other defendants in the case.

In addition, Judge Nordbye specifically found that: (a) Newsweek acted independently of the other defendants in refusing to transact business with the appellant; (b) appellant had no business or property which could have been damaged by the allegedly illegal activity of Newsweek; (c) any alleged illegal activity or conduct on the part of News-

week was not a proximate cause of any damage allegedly sustained by appellant; (d) appellant was not a purchaser within the provisions of 15 U.S.C. § 13 (a); (e) Newsweek was not either individually or in collaboration with the other defendants guilty of a monopoly or attempting to create a monopoly with respect to the sponsored circulation magazine business; (f) appellant's claims as to Newsweek were barred by the four year statute of limitations contained in 15 U.S.C. § 15b.

We have examined the record with care and concluded that Judge Nordbye correctly found that there was no genuine issue of fact to be determined and that Newsweek was entitled to judgment as a matter of law.

Affirmed.