390 F.2d 142
 George W. HALSEY, Appellant,
v.
Paul H. NITZE, Secretary of the Navy, Department of the Navy, Robert E. Hampton, Commissioner, United States Civil Service Commission, L. J. Andolsek, Commissioner, United States Civil Service Commission, and John W. Macy, Jr., Commissioner, United States Civil Service Commission, Appellees.
 No. 11359.
 United States Court of Appeals Fourth Circuit.
 Argued November 10, 1967.
 Decided January 23, 1968.
 
 Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum & Fine, Norfolk, Va., on the brief), for appellant.
 Alfred D. Swersky, Asst. U. S. Atty. (C. V. Spratley, U. S. Atty., on the brief), for appellees.
 Before WINTER, Circuit Judge, MARVIN JONES, Senior Judge, U. S. Court of Claims,* and BUTZNER, Circuit Judge.
 PER CURIAM.
 
 
 1
 The appellant George W. Halsey, a veterans' preference eligible, claims he was illegally discharged from his position as a laborer in the Norfolk Naval Shipyard, Portsmouth, Virginia. Halsey was given notice of the proposed adverse action on October 10, 1963, based on the following charges: (1) failure to carry out orders of his superior; (2) inducing a group of employees to leave their assigned work and to assemble without authority; and (3) disrespectful conduct toward his superior. The charges included detailed specifications.
 
 
 2
 He was given a hearing before the Hearing Advisory Committee designated by the Commander of the Norfolk Naval Shipyard. Appellant was represented by his counsel, Joseph A. Jordan; several witnesses testified. All three charges were sustained by the Committee, and the discharge of appellant became effective December 27, 1963.
 
 
 3
 Appellant, through his attorney, appealed to the Civil Service Commission. He waived personal appearance before the Commission. Following its customary procedure, the Regional Office of the Civil Service Commission at Philadelphia, Pennsylvania, fully reviewed the evidence and findings. The Regional Office found that the procedural requirements had been complied with and that "the agency action was taken for such cause as will promote the efficiency of the service within the meaning of that language in the Civil Service Regulations."
 
 
 4
 Appeal was taken to the Board of Appeals and Review which, after "full consideration of the entire appellate record," including the fact of Mr. Halsey's 20 years of service, found that all three charges were sustained by the record and that the removal action was not inappropriate in his case. The Board of Appeals concluded that "the decision of the Commission's Philadelphia Regional Office issued on March 13, 1964, to uphold the removal of Mr. Halsey is correct."
 
 
 5
 The appellant filed a suit in the United States District Court for the Eastern District of Virginia, where for the first time he charged that he had been discharged by reason of racial discrimination. The district judge issued an order remanding the case to the Civil Service Commission with instructions to conduct hearings and make findings on this question.
 
 
 6
 In accord with the customary procedure, the Regional Office at Philadelphia conducted hearings and heard a number of witnesses on both sides. Mr. Halsey attended with his legal counsel, Howard I. Legum. On March 29, 1966, the Regional Office, in a 10-page "Analysis and Findings," found that the record did not support Mr. Halsey's complaint of racial discrimination. Accordingly, the appeal was denied.
 
 
 7
 The case was then appealed to the Board of Appeals and Review which, in an 11-page report, analyzed the record and found "that Mr. Halsey's allegation of racial discrimination is not substantiated by the evidence." It, therefore, approved the findings of the Philadelphia Regional Office.
 
 
 8
 The record thus shows that appellant was given extensive hearings on the various issues by the agency and by the administrative appeal commission, both of which rendered unanimous findings consistently adverse to appellant. The procedures were fully complied with and full opportunity to present his case in detail was afforded the appellant.
 
 
 9
 Appellant contends that as a veterans' preference eligible he is entitled to the special protections afforded by the Veterans' Preference Act of 1944, 58 Stat. 387, as amended, 5 U.S.C. §§ 851-869, to the members of the class of which he is one. He points out that § 863 of the Act forbids discharge of veterans' preference eligibles except "for such cause as will promote the efficiency of the service." Appellant argues that § 752.104 of the Civil Service Regulations specifies that the acts which constitute such cause are those contained in § 731.201(b)-(g), and that since none of the acts of which he was found guilty is included in § 731.201(b)-(g), his discharge was not for such cause as will promote the efficiency of the service. We disagree. Section 752.104 lists the reasons given in § 731.201(b)-(g) as being among the reasons which constitute adequate cause within 5 U.S.C. § 863. Clearly, the regulation contemplates that other acts by employees may also provide adequate cause for discharge, and in our view, the three acts of misconduct proved on the part of appellant permissibly constituted reasons why his discharge would promote the efficiency of the service.
 
 
 10
 Under the uniform holdings of the various United States courts we are not authorized to reverse the action of the agency and the appellate commission unless we find that their decisions were arbitrary, unreasonable, capricious, or not supported by substantial evidence. This record taken as a whole does not justify such a finding. This is the reason that we reject appellant's argument that summary judgment was inappropriate, after appellant's claim of racial discrimination had been administratively litigated. The scope of judicial review, by us and by the district court, was fully exhausted when the record disclosed substantiality in the support for the administrative findings, so that summary judgment was indicated.
 
 
 11
 Regardless of our personal views, we are not authorized to substitute our judgment for the action taken by the administrative agency and the appellate commission whose specific duty it is to consider adverse action by the various departments and agencies of the government.
 
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation of the Chief Justice