**Angel MENDEZ, Plaintiff,**

v.

**John W. MACY, Jr., L. J. Andolsek and Robert W. Hampton, Commissioners of the Civil Service Commission, Defendants.**

**No. 67 Civ. 4398.**

United States District Court
S. D. New York.

Sept. 27, 1968.

Harold J. Rothwax, New York City, for plaintiff; Marttie L. Thompson, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, by Patricia M. Hynes, Asst. U. S. Atty., New York City, for defendants.

MANSFIELD, District Judge.

Plaintiff brought this action to contest the validity of his removal as a civilian employee from the position of Oiler for the Military Sea Transportation Service, Department of the Navy, on the ship USNS Geiger, which was manned by civilian employees and engaged in the transportation of troops to Viet Nam. He was removed by order of Admiral Whittaker, the commanding officer of the Military Sea Transportation Service, Atlantic area. Having appealed his removal unsuccessfully to the New York Regional Office of the Civil Service Commission, and then to Board of Appeals and Review of the United States Civil Service Commission,[1] he has petitioned this Court, pursuant to the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706 (1966), for a judgment setting aside

---

1. Plaintiff's removal was pursuant to 5 U.S.C.A. § 7512 (1966) which provides that employees of his status may be removed "only for such cause as will promote the efficiency of the service." 5 U.S.C.A. § 7512(a) (1966). His appeal was taken pursuant to 5 U.S.C.A. § 7701 (1966).

the removal order, and a declaratory judgment, pursuant to 28 U.S.C.A. § 2201, establishing the rights and legal relationships of the parties. He contends, among other things, that his removal was based upon evidence obtained in a search which violated his Fourth Amendment rights.

Defendants, Commissioners of the Civil Service Commission, have moved for summary judgment upon the administrative record under Rule 56, F.R.Civ.P. They contend that the record, as a matter of law, shows that procedures set forth in applicable statutes and regulations have been followed, that plaintiff's constitutional rights were not infringed, and that there was substantial evidence to support the administrative action taken.

The record indicates that plaintiff reported to sick bay aboard the USNS Geiger on September 30, 1966; he complained of blurred vision and an inability to read instruments located in the boiler room where he worked. Since his eyes could not be sufficiently dilated, he was given medication and not examined until the next day. The examining medical officer concluded that the condition of plaintiff's eyes, some venipuncture marks on his forearm, his agitated behavior when questioned about these marks, and the incredibility of his explanation for the marks "seemed sufficient to warrant suspicion that the patient had been using narcotics." (Record, p. 128) The medical officer relayed this information to the ship's Master who ordered a search of plaintiff's locker. Although plaintiff, when asked, gave information as to the location of his locker key, it could not be found and the locker was broken into. The search disclosed, among other things, a suspect kit for administering drugs (eye dropper and needle) and several cigarettes which were later found to contain marijuana. Possession of narcotics was a violation of Ship's Order No. 31 and constituted grounds for removal.

 Plaintiff alleges that he at no time had marijuana cigarettes in his locked aboard ship. He asserts that the locker in which they were found was not his locker, and that no actual or constructive possession of marijuana by him was ever established. These claims represent a challenge to the Commission's findings of fact. If it appears, upon consideration of the record as a whole that there was substantial evidence to support these fact findings, they must be upheld by this Court. Administrative Procedure Act, 5 U.S.C.A. § 706(2) (E) (1966). Even though the conduct for which Mendez was removed might constitute a crime, there is no requirement that the charge be proved beyond a reasonable doubt. Camero v. United States, 345 F.2d 798, 802, 170 Ct.Cl. 490, (1965). In the instant case there are affidavits by the ship's Medical Officer, the First Officer, the Chief Engineer, and other members of the ship's crew which show that there was substantial evidence to support the findings of the Commission.

Plaintiff also attacks his removal on the ground that he was denied the opportunity to cross-examine the witnesses whose statements provided the evidence against him. At the initial stage of the removal proceedings, under the relevant regulations, the plaintiff had the right, which he did not utilize, to make a personal appearance and submit evidence in writing to answer the charges against him, but not to a full hearing with examination of witnesses. 5 C.F.R. § 752.-202(b) (1968). At the first stage of his appeal from the removal, however, he did have a right to a full hearing including cross-examination of any witnesses produced by the agency. 5 C.F.R. § 772.305 (1968). The regulations provide that

"(1) * * * Both parties are entitled to produce witnesses. The Commission is not authorized to subpoena witnesses.

"(2) An agency shall make its employees available as witnesses at the hearing when (i) requested by the Commission after consideration of a request by the appellant or the agency and (ii) it is administratively prac-

ticable to comply with the request of the Commission." 5 C.F.R. § 772.-305(b) (1968).

 A party desiring production of a witness must take the initial step to obtain the witness either through its own efforts or by making a timely request to the Commission. Although he was informed of the hearing and of his right to cross-examine witnesses on March 27, 1967, plaintiff did not request the production of any witnesses for cross-examination until the date of his hearing, May 9, 1967. By waiting until the hearing to make his request, he failed to bring himself within the regulations affording him the opportunity for cross-examination. See Williams v. Zuckert, dismissing cert., 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963), vacated, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963).[2] Plaintiff asserts no other failure by the Commission to follow the procedures required by law, and the record discloses none. It therefore must be concluded, as a matter of law, that there was substantial evidence to support the findings of the Commission and that lawful procedures were followed.

 Plaintiff's next, and most serious, contention is that the Commission's decision is based upon evidence obtained through an unreasonable search of his locker in violation of his rights under the Fourth Amendment of the United States Constitution, the protection of which is not to be denied to him because of his status as a civilian employee under the authority of the military. Saylor v. United States, 374 F.2d 894, 179 Ct.Cl. 151 (1967); Powell v. Zuckert, 125 U.S. App.D.C. 55, 366 F.2d 634 (1966). Specifically plaintiff urges that the search was unreasonable because it was not based on probable cause. If plaintiff's

Fourth Amendment rights were violated, the Court is authorized to set agency action aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C.A. § 706 (2) (A), or as action taken "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C.A. § 706(2) (B).

The Master of a civil service manned ship, such as the USNS Geiger, has "paramount authority over all persons assigned to or embarked in the ship," as well as responsibility for the enforcement of all laws of the United States and applicable regulations of the Navy, Coast Guard, and Military Sea Transportation Service. U. S. Navy Regs. COMSTS-INST P 3120.2C, § 1–2–4 (1963). He is specifically authorized to take every possible precaution, including searches, to prevent the smuggling of narcotics aboard ship. U. S. Navy Regs. COM-STSINST P 3120.2C, § 1–3–3(a) (1963). Thus it appears, and the plaintiff does not contest this, that the Master may authorize reasonable searches for narcotics.

 The unavailability of a magistrate upon a ship on the high seas dispenses with the necessity of obtaining a warrant, and a search that would otherwise be deemed justified cannot be labelled "unreasonable" on such a ground. United States v. Hartsook, 15 U.S.M.C.A. 291, 35 C.M.R. 263 (1965): Manual for Courts-Martial United States (1951) ¶ 152, pp. 288–89. The rule of thumb that a warrant be obtained "whenever practicable" has never resulted in its being "crystallized into a *sine qua non* to the reasonableness of a search," see United States v. Rabinowitz, 339 U.S. 56 at 65, 70 S.Ct. 430 at 435, 94 L.Ed. 653 (1949), and warrantless searches have

2. In *Williams* the Supreme Court in a situation similar to that present here first granted certiorari and then dismissed the writ as improvidently granted because the plaintiff, a civilian employee of the Air Force, by waiting until his hearing to request the production of witnesses, had failed to bring himself with-in the applicable regulations. Those regulations were substantially the same as the ones involved here. Upon rehearing the case was remanded for other reasons, and a second Commission order upheld. Williams v. Brown, 128 U.S.App.D.C. 12, 384 F.2d 981 (1967).

as here, it was impracticable to obtain a warrant and "the exigencies of the situation" demanded immediate action to prevent continuation of criminal conduct. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). However, in authorizing a search of the private property of employees aboard the ship, the ship's Master must, like a magistrate, be satisfied that probable cause exists for such a search. United States v. Brown, 10 U.S.M.C.A. 482, 28 C.M.R. 48 (1959); United States v. Hartsook, 15 U.S.M.C.A. 291, 35 C.M.R. 263 (1965). At this stage, therefore, although the existence of probable cause is a question of law committed to judicial review by the Administrative Procedure Act, 5 U.S.C. § 706(2) (A), and this Court is entitled to substitute its judgment for that of the Commission, see Davis, Administrative Law § 30.09 at p. 241, our task is to determine whether the information before the ship's Master was legally sufficient to establish probable cause. If so, the decision of the Commission must be sustained.

■ The existence of probable cause depends upon whether the facts and circumstances before the ship's Master, viewed practically rather than hypertechnically, United States v. Ventresca, 380 U.S. 102 at 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), provided reasonable grounds for concluding that an illegal act was being committed in the premises searched, in this case, plaintiff's locker. United States ex rel. Schnitzler v. Follette, 379 F.2d 846 (2d Cir. 1967); United States v. Ramirez, 279 F.2d 712 (2d Cir. 1960). In this connection hearsay evidence may be considered, Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

■ Here the ship's Master, before authorizing the search, had the expert opinion of the ship's Medical Officer, based upon strong probative objective symptoms personally observed by him (plaintiff's constricted pupils, blurred vision, five recent puncture marks on his forearm, and his agitation and perspiration when asked about the marks) that narcotics had recently been administered to the plaintiff. Taking into consideration the fact that plaintiff had been aboard the ship on the high seas for some time, it was reasonable to conclude that he was keeping illegal narcotics somewhere aboard the ship. Recognizing that an employee aboard ship has very little space available to him for his personal use, it was reasonable to infer, as the most likely prospect, that the narcotics were hidden in his locker rather than left in some public place.[3] Added to all of these circumstances is the fact that the use of narcotics by a member of the ship's crew might seriously jeopardize the safety of the ship and its passengers, for whom the ship's captain was ultimately responsible.

Thus, viewed in their totality, all of the circumstances combine to provide a clear picture of probable illegal possession of narcotics by plaintiff in his locker that constituted ample cause to justify the ship's captain, in the exercise of his authority, to cause a search to be made of the locker.

Accordingly, on the basis of the entire administrative record, it must be concluded that there was substantial evidence to support the factual findings of the Commission, that lawful procedures were followed and that the search of plaintiff's locker did not violate his Fourth Amendment rights. Defendants' motion for summary judgment is therefore granted.

So ordered.

---

3. The situation is similar to that in United States v. Suarez, 380 F.2d 713 (2d Cir. 1967), where an informant's report that an apartment was being used for narcotics' sales, coupled with officers' observations of heavy traffic in and out of the building, which housed 2 apartments, was held sufficient.