412 F.2d 390
 George N. CHARLTON, Jr., Appellant,
v.
UNITED STATES of America and John W. Macy, Jr., J. Ludwig
Andolsek and RobertE. Hampton, Members of the
United States Civil Service Commission.
 No. 16670.
 United States Court of Appeals Third Circuit.
 Argued Nov. 7, 1968.
Decided June 2, 1969.
 
 Harold Gondelman, Baskin, Boreman, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellant.
 Stanley W. Greenfield, Asst. U.S. Atty., Pittsburgh, Pa. (Gustave Diamond, U.S. Atty., First Asst. U.S. Atty., Pittsburgh, Pa., on the brief), for appellee.
 Before KALODNER, FORMAN and STAHL, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 Is the scope of judicial review of a federal agency's action in dismissing a civil service employee limited to the issue whether 'statutory procedural requirements' have been satisfied in the administrative proceedings?
 
 
 2
 The District Court answered that question in the affirmative in the instant suit by the appellant Charlton against the United States Civil Service Commission[1] which seeks review of its action sustaining his dismissal from his employment as an investigator in the Internal Revenue Service.
 
 
 3
 It did so in dismissing Charlton's Amended Complaint on its finding that review of the administrative record disclosed that 'there has been substantial compliance with all the applicable procedural and statutory requirements', and its determination that for that reason 'We cannot inquire further into the matter.'
 
 
 4
 In spelling out in its Opinion[2] its view of the scope of judicial review of a federal agency's action, the District Court stated:
 
 
 5
 'It is quite clear that the scope of review permitted in a case involving disciplinary action against government employees, including discharge, is very limited. The court is only 'to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency in exercising discretion.' Baum v. Zuckert, 342 F.2d 145, 147 (6 Cir. 1965). See also Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957); Hofflund v. Seaton, 105 U.S.App.D.C. 171, 265 F.2d 363 (1959), cert. den. 361 U.S. 837, 80 S.Ct. 55, 4 L.Ed.2d 77 (1959); McTiernan v. Gronouski, 337 F.2d 31 (2 Cir. 1964). 'The Court would not be warranted in substituting its own judgment for that of plaintiff's superiors, whose action has been sustained by the Civil Service Commission. Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386 (1963); Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962). Thus, where procedural requirements have been complied with, the Court should not inquire into the merits of the employee's dismissal. Indiviglio v. United States, 156 Ct.Cl. 241, 299 F.2d 266 (1962), cert. den. 371 U.S. 913, 83 S.Ct. 260, 9 L.Ed.2d 173 (1962); Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722 (1960), cert. den. 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104 (1960); Green v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610 (1957), cert. den. 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957); Boylan v. Quarles, 98 U.S.App.D.C. 337, 235 F.2d 834 (1956).'
 
 
 6
 We are of the opinion that the standard of the scope of judicial review of a federal agency's action stated and applied by the District Court is erroneous and that its failure to 'inquire further into the matter', after finding that procedural requirements had been satisfied in the administrative proceedings, compels reversal of its dismissal of plaintiff's Complaint.
 
 
 7
 The instant action was pursuant to the provisions of the Administrative Procedure Act now 5 U.S.C.A. 702.[3]
 
 
 8
 Section 706 spells out the scope of judicial review of a federal agency's action in clear and precise terms and it is controlling and dispositive. It supersedes and makes irrelevant judicially fashioned concepts of the scope of judicial review of a federal agency's action, declared both prior and subsequent to its enactment.
 
 
 9
 Section 706 is mandatory by its terms and not merely declarative of 'guidelines' with respect to the scope of judicial review of a federal agency's action. It imposes on a federal court, inter alia, the mandatory duty to 'review the whole record (of the administrative proceedings) or those parts of it cited by a party', and to determine therefrom whether the agency's action was in accordance with procedures required by law and supported by 'substantial evidence', or alternatively, capricious, arbitrary, an abuse of discretion, or otherwise not in accordance with law.
 
 In full sweep Section 706 provides:
 
 10
 'Scope of review 'To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. 'In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error. Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 393.'
 
 
 11
 The District Court here failed to discharge its statutory duty to review the administrative record and to determine whether the Commission's action was supported by substantial evidence, or arbitrary, capricious and an abuse of its discretion.
 
 
 12
 The Amended Complaint[4] squarely challenged the Commission's fact-findings that Charlton had failed (1) 'to properly care for official documents'; and (2) to report a proffered bribe.
 
 
 13
 Thus, the single critical issue presented to the District Court was whether the Commission's factual finding that Charlton was guilty of wrongdoing was supported by substantial evidence and not arbitrary, capricious or an abuse of discretion.
 
 
 14
 Otherwise stated, the issue was not the severity of the penalty of dismissal but whether the record supported the Commission's guilty verdict.
 
 
 15
 The circumstance that the Commission had found Charlton guilty of failure to properly care for official documents even though the hearing officer of the Regional Commissioner of the Internal Revenue Service had found to the contrary, particularly imposed upon the District Court the duty to review the administrative record. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 496-497, 71 S.Ct. 456, 95 L.Ed. 456 (1951); In re United Corporation, 249 F.2d 168, 178-179 (3 Cir. 1957).[5]
 
 
 16
 This must be said with reference to the cases cited by the District Court in support of its holding that once it is determined that procedural requirements have been satisfied a district court 'should not inquire into the merits of the employee's dismissal' and 'cannot inquire further into the matter'.
 
 
 17
 It is true that these cases state and apply the narrow and unqualified doctrine that once it is determined that procedural requirements have been met 'The Courts will not examine into the merits of the dismissal' of a civil service employee.[6]
 
 
 18
 It must immediately be noted that cases more recently decided hold that courts after determining whether procedural requirements have been met must further determine, upon review of the administrative record, whether substantial evidence supports the federal agency's action in disciplining a federal employee. Meehan v. Macy, 392 F.2d 822 (D.C.Cir.1968); Halsey v. Nitze, 390 F.2d 142 (4 Cir. 1968), cert. den. 392 U.S. 939, 88 S.Ct. 2316, 20 L.Ed.2d 1399; Taylor v. United States Civil Service Commission, 374 F.2d 466 (9 Cir. 1967);[7] Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533 (D.C. Cir. 1966); Scott v. Macy, 121 U.S.App.D.C. 205, 349 F.2d 182 (1965); Pelicone v. Hodges, 116 U.S.App.D.C. 32, 320 F.2d 754 (1963).
 
 
 19
 The consensus of the cited cases was thus epitomized in Dabney:
 
 
 20
 '* * * the standard of judicial review is that of whether there is evidence of substance in that (administrative) record which supports the Commission's view of the matter.' 358 F.2d 535.
 
 
 21
 and in Pelicone:
 
 
 22
 'Our review in this kind of case (dismissal of a federal civil service employee) is limited to determining whether the statutory and regulatory procedures were observed and whether the challenged action was arbitrary and capricious or was supported by evidence.' 320 F.2d at 755.
 
 
 23
 The judicial scope of review declared and applied by the Court of Appeals for the District of Columbia in Dabney and Pelicone cannot be reconciled with that Court's earlier holdings in Hargett v. Summerfield, supra, and Hofflund v. Seaton, supra-- which the District Court relied on in the instant case.
 
 In Hargett it was said:
 
 24
 '* * * so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion.' 243 F.2d 32.
 
 
 25
 In Ellis v. Mueller, the Court, citing Hargett, said:
 
 
 26
 'The function of the courts in cases like this is not to review the merits of a dismissal, but to determine whether the employee was accorded his statutory and procedural rights.' 280 F.2d 722.
 
 
 27
 In Hofflund v. Seaton, the Court, citing Hargett, said:
 
 
 28
 'Insofar as appellant here relies upon * * * the Administrative Procedure Act * * * we note only our consistent refusal to review the merits or wisdom of agency personnel action.' 265 F.2d 364.
 
 
 29
 It must here be noted that it was made clear in Hargett that it premised its holding on the ruling in Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900) that under then existing statutes courts could not review the dismissal of a civil service employee. In doing so the Court in Hargett gave no effect to the Supreme Court's further statement in Keim that 'until Congress by some special and direct legislation makes provision to the contrary, we are clear that they (dismissals of civil service employees) must be settled by those administrative officers.' 177 U.S. at 296, 20 S.Ct. at 576.
 
 
 30
 Enactment of the Administrative Procedure Act in 1946-- 46 years after Keimconstituted 'special and direct legislation' which not only empowered but mandated federal courts to inquire into the merits of a civil service employee's dismissal.
 
 There remains this to be said:
 
 31
 On this appeal, the Commission has cited, in support of the District Court's holding with respect to its limited scope of review, our per curiam affirmance at 373 F.2d 530 (1967) of another District Court's opinion in Cohen v. Ryder, 258 F.Supp. 693 (E.D.Pa.1966).
 
 
 32
 It is true that the District Court in Cohen, in specific subscription to the doctrine of Hargett, declared that 'The scope of judicial review in an employee removal case is extremely narrow', and 'is limited to a determination of whether the required procedural steps have been substantially complied with', and that in affirming we said 'The judgment of the district court will be affirmed on its well reasoned opinion, 258 F.Supp. 693'.
 
 
 33
 The record in Cohen discloses that the Complaint presented the single issue whether the plaintiff, a government employee, had been accorded procedural due process in the administrative proceedings. The Complaint did not present the question whether substantial evidence supported the administrative fact-finding that she had been incompetent in the performance of her duties.
 
 
 34
 Moreover, the plaintiff's brief on appeal, did not raise any issue as to the scope of the District Court's review of the administrative proceedings.
 
 
 35
 Our per curiam affirmance in Cohen related only to the correctness of the District Court's finding that the procedural requirements had been satisfied and, accordingly, is not to be construed as a holding on our part that the scope of judicial review in a case involving removal or discipline of a civil service employee is limited to the procedural aspects of the administrative proceeding.
 
 
 36
 In summary, we are of the opinion that the scope of judicial review of a federal agency's action with respect to the dismissal or discipline of a civil service employee extends to the determination whether procedural requirements have been satisfied in the administrative proceedings, and whether the administrative record establishes that substantial evidence supports the agency's action and that it was not arbitrary, capricious or an abuse of discretion.[8]
 
 
 37
 In accordance with what has been said the Order of the District Court will be reversed and the cause remanded with directions to proceed in accordance with this Opinion.
 
 
 38
 STAHL, Circuit Judge (concurring).
 
 
 39
 I am in full accord with the opinion of the majority holding that the scope of review standard articulated by the district court is too narrow and that the appeal must, therefore, be remanded for further proceedings. I also agree that our prior decision in Cohen v. Ryder, 373 F.2d 530 (1967), did not deal fully with the issue of scope of review in cases of this kind and is thus not inconsistent with what we decide here. However, I cannot go all the way with the position adopted by the majority that in cases involving discharge of government employees the substantial evidence test is one of the standards of review to be followed in addition to whether the agency action (1) has met all procedural requirements, and (2) was arbitrary, capricious or an abuse of discretion-- but more on that score later.
 
 
 40
 At the outset it should be noted that there may be a serious jurisdictional question posed here as well. The instant action seeking reinstatement and back pay because of an allegedly improper dismissal from government service was brought 'under the provisions of the Administrative Procedure Act, 5 U.S.C. 1001, et seq. (now 5 U.S.C. 701 et seq.) * * *' Appellant's Appendix 1a. There continues to be a dispute in the courts and in academic circles as to whether the Administrative Procedure Act is jurisdictional, i.e., whether the Act itself is an affirmative grant of jurisdiction to the district courts to review agency action according to its terms absent any other basis for federal jurisdiction. See, e.g., Toilet Goods Ass'n., Inc. v. Gardner, 360 F.2d 677, 679 n. 1 (2d Cir. 1966), aff'd, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967); Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2d Cir.), cert. denied, 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960); Powelton Civic Home Owners Ass'n. v. HUD, 284 F.Supp. 809, 819-820 (E.D.Pa.1968). See also Jaffe and Nathanson, Administrative Law-- Cases and Materials 288 (3d ed. 1968); Jaffe, Judicial Control of Administrative Action 528 (1965); 3 Davis, Administrative Law Treatise 291 (1958); Byse and Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and 'Nonstatutory' Judicial Review of Federal Administrative Action, 81 Harv.L.Rev. 308, 326-331 (1967).
 
 
 41
 In Local 542, International Union of Operating Engineers v. N.L.R.B., 328 F.2d 850 (3d Cir.), cert. denied, 379 U.S. 826, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964), this court characterized the Administrative Procedure Act as being 'clearly remedial and not jurisdictional' and stated that there 'is nothing in Section 10 or any other clause of the Act which extends the jurisdiction of either the district courts or the appellate courts to cases not otherwise within their competence.' Id. at 854.
 
 
 42
 Although the Supreme Court has not expressly decided the issue, decisions of the Court, both prior and subsequent to our Local 542 case, offer support to the position that one 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, * * *' 5 U.S.C. 702, may seek review of such action under the Administrative Procedure Act. See, e.g., Abbott Laboratories v. Gardner, 387 U.S. 136, 140-141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Rusk v. Cort, 369 U.S. 367, 371-372, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962).
 
 
 43
 In any event, the power of the courts to review claims by government employees alleging improper dismissal is too well established to be rejected here. Although the basis for such review has not always been clearly spelled out, the following cases are illustrative of the different ways in which agency action has been brought up for review: Meehan v. Macy, 392 F.2d 822 (D.C.Cir.1968) (complaint sought a declaratory judgment and a mandatory injunction to remedy an allegedly illegal discharge); Taylor v. United States Civil Service Commission, 374 F.2d 466 (9th Cir. 1967) (suit in nature of mandamus seeking reinstatement and damages for wrongful dismissal); McTiernan v. Gronouski, 337 F.2d 31 (2d Cir. 1964) (mandamus action pursuant to 28 U.S.C. 1361 seeking reinstatement); Pelicone v. Hodges, 320 F.2d 754 (D.C.Cir.1963) (characterized, as are many District of Columbia cases, as a 'government employee discharge case'); Mendez v. Macy, 292 F.Supp. 802 (S.D.N.Y.1968) (action brought pursuant to Administrative Procedure Act and Declaratory Judgment Act). See Byse and Fiocca, supra at 342 (1967). Suits are also brought before the United States Court of Claims seeking back pay or damages for wrongful dismissal. See, e.g., Armstrong v. United States, 405 F.2d 1275, cert. denied, 395 U.S. 934, 89 S.Ct. 1997, 23 L.Ed.2d 449 (1969); Heffron v. United States, 405 F.2d 1307 (1969).
 
 
 44
 Assuming that an action of this type may properly be brought under the Administrative Procedure Act, or that in a reinstatement case reference to the Administrative Procedure Act for the standards governing review of agency action is permissible, a further question arises. The Administrative Procedure Act excepts from its coverage agency action 'committed to agency discretion by law.' 5 U.S.C. 701(a)(2). The dismissal of government employees has usually been held to involve matters of discretion,[1] and the question thus presented is whether any of the standards of review now contained in the Administrative Procedure Act, 5 U.S.C. 706, may be applied in this kind of case. Stated another way, does the 701 exception for cases involving agency discretion exempt from review dismissals which may constitute an abuse of discretion or arbitrary and capricious action or otherwise violate the Act? To say that the controversy on this question has been heated is perhaps an understatement.[2] I am inclined to the view that agency action resulting in the discharge of an employee, though obviously involving discretion, is subject to review when it is asserted that the discretion has been abused or has been exercised in an arbitrary manner. Cf. Cappadora v. Celebrezze, 356 F.2d 1, 5-6 (2d Cir. 1966).
 
 
 45
 Assuming that this case is properly brought under the Administrative Procedure Act, or that the Administrative Procedure Act provides the applicable standards for the district court to apply in employee discharge cases, I do not believe that the full sweep of the standards of review adopted by the majority opinion is clearly supported by the Administrative Procedure Act itself or by the case law.
 
 
 46
 The scope of review section of the Administrative Procedure Act, 5 U.S.C. 706, provides of follows:
 
 
 47
 To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
 
 
 48
 (1) compel agency action unlawfully withheld or unreasonably delayed; and
 
 
 49
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
 
 
 50
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 51
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 52
 (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
 
 
 53
 (D) without observance of procedure required by law;
 
 
 54
 (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
 
 
 55
 (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.
 
 
 56
 Thus there appear to be three principal standards of review in government employee dismissal cases suggested by the Administrative Procedure Act quoted above or by case law generally:
 
 
 57
 (1) whether there has been procedural regularity, i.e., compliance with statutory and other requirements for the giving of notice, conduct of hearings, allowance of appeals and the like; (2) whether the agency action is arbitrary, capricious or an abuse of discretion (5 U.S.C. 706(2)(A)); or (3) whether the agency action is supported by 'substantial evidence.' (5 U.S.C. 706(2)(E).)
 
 
 58
 The second and third tests I do not consider to be the same. While agency action which is arbitrary and capricious,[3] or which constitutes an abuse of discretion,[4] would no doubt be action which is 'unsupported by substantial evidence,' the reverse is not true. In other words, even where the agency action is not arbitrary and capricious or an abuse of discretion, there may still not be 'substantial evidence' in the accepted use of that test to justify the agency action. The very listing of the substantial evidence test as a separate and alternative ground for reviewing agency action indicates a legislative intent that it be a different standard from that permitting the setting aside of the findings or conclusions of an agency as arbitrary, capricious or an abuse of discretion.[5]
 
 
 59
 While admittedly some courts have articulated the substantial evidence test in government employee cases, usually without reference to the Administrative Procedure Act, I have been unable to find a clear explanation of the basis for the use of such test. And in some of the instances in which this test was mentioned, the court was able to find that the agency action was or was not arbitrary and capricious and did or did not lack substantial evidence to support it, without having to pin down the precise test which must be followed.[6] In remanding this appeal to the district court, where we find that the procedural regularity standard applied by the trial judge is too narrow,[7] I think we have an obligation to formulate as clearly as possible the proper tests to be followed.
 
 
 60
 Looking to the precise language of the 'substantial evidence' rule of the Administrative Procedure Act, 5 U.S.C. 706(2)(E), we find that it applies only in a case
 
 
 61
 (1) which is subject to 556 and 557 of Title 5; or (2) which is 'otherwise reviewed on the record of an agency hearing provided by statute.'
 
 
 62
 Sections 556 and 557 deal with the procedure to be followed when an agency is required to hold a hearing, and these sections seem to apply only to those hearings provided by 5 U.S.C. 553 and 554. The former, 553, relates to rulemaking and is inapplicable here. Section 554, which deals with adjudications, is limited in its application to adjudications 'required by statute to be determined on the record after opportunity for an agency hearing * * *.' 5 U.S.C. 554(a). And even then there is an exception, 554 not being applicable if the adjudication involves the selection or the tenure of an employee. 5 U.S.C. 554(a)(2). Thus, even if by statute government employees were entitled to a hearing in dismissal cases, 5 U.S.C. 554(a)(2) seems to preclude the courts from applying the substantial evidence test when review of adverse agency action involving an employee's tenure is sought.
 
 
 63
 The alternative ground for applicability of the substantial evidence rule, i.e., where the agency action is 'reviewed on the record of an agency hearing provided by statute,' is also inapplicable because the statutes dealing with the removal or suspension of individuals in the competitive service, including those who have veterans preference, do not expressly create the right to a hearing, although a hearing is permitted. See 5 U.S.C. 7501, 7512. While federal employees have now been afforded a right to an administrative hearing by virtue of Executive Order No. 10987, January 17, 1962, 5 U.S.C.A. 7501, and the implementing civil service regulations, 5 C.F.R. 771.213, 772.305, it would, in my opinion, be stretching the language of the Administrative Procedure Act to hold that such hearings are provided by statute.
 
 
 64
 Furthermore, I do not read the cases relied upon by the majority as clearly and definitively supporting the proposition for which they were advanced. Though the words 'substantial evidence,' or their equivalent, appear in the cited cases, when the opinions are read in their entirety and fully analyzed it is less than clear that the substantial evidence test is being directly applied or followed.[8]
 
 
 65
 In my view the proper scope of review in cases of this type is limited to ascertaining whether applicable procedural requirements have been met and whether the agency action was arbitrary, capricious or an abuse of discretion.[9] Beyond this, I would not go. Certainly the agency record should be carefully examined, for agency action totally devoid of factual support would warrant, if not compel, a determination that the action was arbitrary or capricious. But where under the governing statute removal may only be 'for such cause as will promote the efficiency of the service,' I believe it is neither advisable nor permissible for the courts to exercise the broad degree of scrutiny adopted by the majority.
 
 
 66
 In concluding, I would observe that we are here dealing with a problem that merits statutory clarification both as to the jurisdictional basis for review and the scope of review so afforded. If the cases make anything clear, it is the desirability of Congressional action in this murky and troublesome area.[10]
 
 
 
 [1]
 The United States was also named as a defendant
 
 
 [2]
 The Opinion of the District Court is unreported
 
 
 [3]
 Section 702 provides:
 'Right of Review
 'A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 392.' (carried over without significant change from 60 Stat. 243, June 11, 1946.)
 
 
 [4]
 Paragraph 13 of the Amended Complaint alleged:
 'The decision of the defendants was arbitrary, capricious, unsupported by substantial evidence and unwarranted by the facts.'
 
 
 [5]
 Charlton was dismissed on September 29, 1963, from his position as an IRS special investigator on the grounds of (1) failure to report an attempted bribery and (2) failure to properly care for official documents. Before dismissal, he had been notified of the charges and had replied to them both orally and in writing. Charlton appealed to the IRS Regional Commissioner. After a hearing, at which Charlton was represented by counsel, the hearing officer found evidence to sustain the charge of failure to report an attempted bribe but not to support the charge of improper care of official documents. The Regional Commissioner, nevertheless, sustained both charges and affirmed the removal decision
 On further appeal, the Philadelphia Regional Office of the Civil Service Commission held that the record sustained both charges; that Charlton's removal was for such cause as to promote the efficiency of the IRS; and that the IRS had complied with all necessary procedural requirements pertinent to the removal. The Civil Service Commission's Board of Appeals and Review on January 8, 1965 affirmed.
 
 
 [6]
 Baum v. Zuckert, 342 F.2d 145 (6 Cir. 1965) at page 147; McTiernan v. Gronouski, 337 F.2d 31, 34 (2 Cir. 1964); Indiviglio v. United States, 156 Ct.Cl. 241, 299 F.2d 266, 269 (1962), cert. den. 371 U.S. 913, 83 S.Ct. 260, 9 L.Ed.2d 173; Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722 (1960), cert. den. 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104; Hofflund v. Seaton, 105 U.S.App.D.C. 171, 265 F.2d 363, 364 (1959), cert. den. 361 U.S. 837, 80 S.Ct. 55, 4 L.Ed.2d 77; Green v. Boughman, 100 U.S.App.D.C. 187, 243 F.2d 610, 611 (1957), cert. den. 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35; Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957), cert. den. 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137; Boylan v. Quarles, 98 U.S.App.D.C. 337, 235 F.2d 834 (1956)
 
 
 [7]
 In Meehan the Court stated and applied the requirement that the Civil Service Commission's action must be supported by substantial evidence. 392 F.2d 837. In Halsey the Court affirmed the District Court's dismissal of plaintiff's action upon its finding that the action of the Civil Service Commission with respect to a civil service employee 'was supported by substantial evidence' and was not 'arbitrary', 'unreasonable' or 'capricious.' 390 F.2d 144. In Taylor the Court affirmed the finding of the District Court that the administrative record disclosed that the Commission's action was 'supported by substantial evidence.' 374 F.2d 470
 
 
 [8]
 In Urbina v. United States, 180 Ct.Cl. 194 (1967), where there was a review sought of the sustaining by the Civil Service Commission of a federal agency's dismissal of an Air Force employee the Court said (p. 208):
 'A dismissal action unsupported by substantial, credible, evidence must be regarded as arbitrary and therefore cannot stand. Scott v. United States, 160 Ct.Cl. 152 (1963).'
 
 
 [1]
 A government employee in the competitive service may be removed 'only for such cause as will promote the efficiency of the service.' 5 U.S.C. 7501. By its very nature, the issue of 'efficiency' is 'a matter peculiarly discretionary.' Jaffe, Judicial Control of Administrative Action 372 (1965). The great majority of the employee discharge cases appear to recognize that the taking of disciplinary action against government employees is a matter of executive discretion. Courts should be alert to protect procedural rights and to guard against arbitrary action, but to engage in wholesale review on the merits would, under the present state of the law, be an unwarranted intrusion into the affairs of another branch of the Government
 
 
 [2]
 See Berger, Administrative Arbitrariness and Judicial Review, 65 Col.L.Rev. 55 (1965); 4 Davis, Administrative Law Treatise 28.16 (Supp.1965). Then see the replies and counter-replies of those authors at 114 U.Pa.L.Rev. 783, 814, 823 (1966). See also Jaffe and Nathanson, Administrative Law-- Cases and Materials 247 (3d ed. 1968); Jaffe, Judicial Control of Administrative Action 374 (1965); Saferstein, Nonreviewability: a Functional Analysis of 'Committed to Agency Discretion,' 82 Harv.L.Rev. 367 (1968); Murphy, Judicial Review of the Removal of Federal Employees: A Reexamination, 22 Fed.B.J. 25, 27 (1962)
 
 
 [3]
 I would construe arbitrary and capricious action as a dismissal of a government employee which is due to bias or prejudice, or which constitutes excessive punishment under the circumstances, or which has little or no evidence to support it
 
 
 [4]
 'Broadly stated an abuse of discretion is an exercise of discretion in which a relevant consideration has been given an exaggerated, an 'unreasonable' weight at the expense of others. The 'letter' has been observed; the 'spirit' has been violated. Discretion implies a 'balancing'; where the result is eccentric, either there has not been a balancing, or a hidden and mayhap improper motive has been at work.' Jaffe, Judicial Control of Administrative Action 586 (1965)
 
 
 [5]
 Cf. Lewis v. American Federation of State, County and Municipal Employees, AFL-CIO, 407 F.2d 1185 (3d Cir. 1969), in which we held that the requirements of the Labor-Management Reporting and Disclosure Act (LMRDA) of 1959 that no union member may be disciplined unless he was 'afforded a full and fair hearing' fixes a standard which is something less than the substantial evidence rule but something more than the mere requirement of procedural regularity
 Davis has stated, it is interesting to note, that: So strong is the judicial tendency toward the substantial evidence rule that the rule is often followed even where the statute prescribes a narrower or a broader scope of review. 4 Davis, Administrative Law Treatise 115 (1958).
 Professor Davis generally believes that attempts to narrow or change the substantial evidence rule have proved unfruitful. Id. at 126, 149.
 
 
 [6]
 See, e.g., Meehan v. Macy, 392 F.2d 822, 830, 837 (D.C. Cir. 1968); Taylor v. United States Civil Service Commission, 374 F.2d 466, 470 (9th Cir. 1967)
 
 
 [7]
 As indicated in the majority opinion in note 6 and the accompanying text, there is case support for the application of this narrow rule, but I agree the standard is too limited. I part with the majority, however, in the very broad tests which the court would permit the district court to apply, as I believe that, in addition to procedural regularity, the only other proper ground for review is whether the action was arbitrary, capricious or an abuse of discretion
 
 
 [8]
 Professor Davis concludes that there has developed a 'common law' of review of administrative action in employee discharge cases under the 'substantial evidence' standard: 4 Davis, Administrative Law Treatise 28.05, p. 18 n. 5 (1958). See also the references to the Davis Treatise in note 5, supra
 The Meehan Halsey and Dabney cases cited by the majority do seem to apply the substantial evidence rule, the Meehan case, involving a vital free speech issue, perhaps justifying the more liberal scope of review. A recent district court decision flatly follows the substantial evidence test of the APA. Mendez v. Macy, 292 F.Supp. 802, 804 (S.D.N.Y.1968).
 It is less clear that the Pelicone and Taylor cases directly apply the substantial evidence test. Pelicone relied on the 'arbitrary and capricious' standard as well as the fact that there was 'no evidence' to support the charges against the employee. In Taylor, after determining that the employee's dismissal was not in violation of procedural requirements and was not arbitrary or capricious, the court concluded also that the action of the Civil Service Commission was supported by substantial evidence. 374 F.2d at 469, 470. (This is similar to Lewis v. American Federation of State, County and Municipal Employees, AFL-CIO, supra note 5, where, after deciding that the substantial evidence rule did not apply in a LMRDA case, we nevertheless found it appropriate to say that on the particular record in that case, even if the rule were applicable, there was 'substantial evidence' to support the expulsion from union membership there challenged. 407 F.2d at 1198.)
 Meehan, Dabney and Pelicone were District of Columbia Circuit Court appeals. Earlier District of Columbia cases, Hofflund v. Seaton, 105 U.S.App.D.C. 171, 265 F.2d 363, cert. denied, 361 U.S. 837, 80 S.Ct. 55, 4 L.Ed.2d 77 (1959), and Hargett v. Sommerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957), followed the narrowest of the possible tests, the procedural regularity rule.
 The Court of Claims which, like the District of Columbia Circuit, has had occasion to decide many government employee dimsissal cases, has followed different standards at different times, as evidenced recently by two cases decided the same day. In Armstrong v. United States, 405 F.2d 1275, 1277 (1969), cert. denied, 395 U.S. 934, 89 S.Ct. 1997, 23 L.Ed.2d 449 (1969), the court said that absent any showing that the Civil Service Commission finding in the case 'was arbitrary and capricious, it must stand.' In Heffron v. United States, 405 F.2d 1307, 1310 (1969), the court said that it '* * * will accord finality to an administrative decision to remove unless it is shown that it is arbitrary or not supported by substantial evidence.'
 I have adverted to these cases, and there are many others that could be cited, not to quibble with language but to show the distressing absence of uniformity in the scope of judicial review in employee discharge appeals. Some district courts have recognized the uncertainty in this field as, e.g., Veatch v. Resor, 266 F.Supp. 893, 896 (D.Col.1967), where the court said:
 * * * Some courts have limited the review to an inquiry: 1) whether the removal violated some statutory provision; and 2) whether the procedures established were followed. Other courts have inquired as to whether the administrative decision was supported by substantial evidence or was arbitrary and capricious. These standards are included within the Administrative Procedure Act. Whether this act applies to a review such as the present one is questionable and unnecessary to a determination of the case at bar since judged by any of the mentioned standards the plaintiff's discharge must be upheld. * * *
 
 
 [9]
 Jaffe, Judicial Control of Administrative Action 371 (1965)
 
 
 [10]
 In Connelly v. Nitze, 401 F.2d 416, 417 n. 1 (D.C. Cir. 1968), Judge McGowan stated:
 We have pointed out before that these employee discharge cases, although in form original actions in the District Court, are in reality agency review proceedings and are normally treated as such by all parties. Dabney v. Freeman, 112 U.S.App.D.C. 166, 358 F.2d 533 (1965). This creates difficulties, as here, in our ability to give, effectively and expeditiously, the most appropriate kind of relief. It also raises questions as to why Congress should not provide for statutory direct review of Civil Service Commission determinations in employee cases, comparable to that now employed in respect of other major federal administrative agencies.