George N. **CHARLTON**, Jr., Appellant,

v.

**UNITED STATES** of America et al.,
Appellees.

No. 71–1629.

United States Court of Appeals,
Third Circuit.

Argued May 5, 1972.

Decided June 15, 1972.

Harold Gondelman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellant.

Kathleen Kelly Curtin, Asst. U. S. Atty., Pittsburgh, Pa., for appellees.

Before VAN DUSEN, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant George N. Charlton, Jr., a special agent for the Internal Revenue Service, was removed from his position on September 29, 1963, "to promote the efficiency of the Service." The specific charges against Charlton were that he had (1) failed to report an attempted bribe; and (2) failed properly to care for official documents. The Hearing Officer sustained the removal of Charge 1 but found Charge 2 not proven. The Regional Commissioner, however, upheld the removal on both charges. Charlton exhausted his administrative appellate rights, and then brought an action in the District Court under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., to review the administrative determination. The defendants' motion for summary judgment was granted by the District Court on April 26, 1967. The District Court found that all procedural requirements had been met, and held that the merits of the dismissal were beyond the scope of judicial review.

On appeal from that order, we reversed and remanded for further review of the administrative record. We held that 5 U.S.C. § 706 required the District Court:

> "to review the administrative record and to determine whether the Commission's action was supported by substantial evidence, or arbitrary, capricious and an abuse of its discretion."

Charlton v. United States, 412 F.2d 390, 393 (3d Cir. 1969). On remand, the District Court again granted summary judgment for the defendants after a thorough review of the administrative record. Charlton has again appealed to this court.

■■ While we may have drawn inferences from the evidence that would

be different from those drawn by the Commission, our review of the record reveals substantial evidence that supports the charges for which Charlton was removed from his I.R.S. position. And despite our feeling that Charlton's removal is a severe punishment for the violations that were charged, we cannot say that the discharge is arbitrary, capricious, or an abuse of discretion.

The District Court's order granting summary judgment for the defendants will be affirmed.